# EXHIBIT A



https://fam.state.gov/fam/09fam/09fam030208.html   [Go]

DEC JAN FEB

705 captures   ◄18►

19 Jan 2016 - 8 Feb 2018   2016 2017 2018

9 FAM 302.8

## (U) PUBLIC CHARGE - INA 212(A)(4)

(CT:VISA-254;   11-29-2016483;   01-03-2018)

(Office of Origin: CA/VO/L/R)

# 9 FAM 302.8-1  (U) STATUTORY AND REGULATORY AUTHORITY

## 9 FAM 302.8-1(A)  (U) Immigration and Nationality Act

(CT:VISA-198;   09-30-2016)

(U) INA 101(a)(15) (8 U.S.C. 1101(a)(15)); INA 101(b)(1)(E) (8 U.S.C. 1101(b)(1)(E)); INA 102 (8 U.S.C. 1102); INA 203(g) (8 U.S.C. 1153(g)); INA 212(a)(4) (8 U.S.C. 1182(a)(4)); INA 212(a)(5)(A) (8 U.S.C. 1182(a)(5)(A)); INA 213 (8 U.S.C. 1183); INA 213A (8 U.S.C. 1183a); INA 221(g) (8 U.S.C. 1201(g)); INA 245 (8 U.S.C. 1255); INA 248 (8 U.S.C. 1258); INA 316 (8 U.S.C. 1427); INA 317 (8 U.S.C. 1428); INA 319(b)(1) (8 U.S.C. 1430(b)(1)); INA 320 (8 U.S.C. 1431).

## 9 FAM 302.8-1(B)  (U) Code of Federal Regulations

(CT:VISA-198;   09-30-2016)

(U) 8 CFR 205.1(a)(3)(i)(C); 8 CFR 316.20; 8 CFR 213a; 22 CFR 40.41.

## 9 FAM 302.8-1(C)  (U) United States Code

(CT:VISA-198;   09-30-2016)

(U) 8 U.S.C. 1641(c); 28 U.S.C. 1746; 42 U.S.C. 9902(2).

001

## 9 FAM 302.8-1(D)  (U) Public Laws

(CT:VISA-198;   09-30-2016)

(U) Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Public Law 104-193.

# 9 FAM 302.8-2  (U) PUBLIC CHARGE

## 9 FAM 302.8-2(A)  (U) Grounds

(CT:VISA-254;   11-29-2016483;   01-03-2018)

(U) Under INA 212(a)(4), any alien is inadmissible) provides that an applicant who, in the opinion of the consular officer at the time of application for a visa, for admission, or adjustment of status, is likely at any time to become a public charge is inadmissible.  All immigrant visa (IV) and nonimmigrant visa (NIV) applicants, except those mentioned in 9 FAM 302.8-2(B)(6), are subject to a public charge ineligibility.

## 9 FAM 302.8-2(B)  (U) Application

### 9 FAM 302.8-2(B)(1)  (U) Definition of What is "Public Charge"

(CT:VISA-198;   09-30-2016483;   01-03-2018) a.

(U) In General:

(1)  (U) For the purpose of determining inadmissibility under INA 212(a)(4), the term "public charge" means that an alien, after admission into the United States, is An applicant is likely to become a public charge if he or she is likely, at any time after admission, to become primarily dependent on the U.S. Government (Federal, state, or local) for subsistence.  This means either::

   (a)  (U) Receipt of public cash assistance for income maintenance (see paragraph b below); or

   (b)  (U) Institutionalization for long-term care at U.S. Government expense (see paragraph dc below).  Short-term confinement in a medical institution for rehabilitation does not constitute primary dependence on the U.S. Government for subsistence.

(2)  (U) When considering the likelihood of an applicant becoming such a "public charge," you must take into account, at a minimum, the factors specified in INA 212(a)(4)(B) (see 9 FAM 302.8-2(B)(3) below) (in addition to any required Form I864, Affidavit of Support Under Section 213A of the Act or Form I-134, Affidavit

~~of Support), in order to base the determination on~~ the totality of the alien's circumstances at the time of visa application~~.~~

~~(3)~~(2)   (U) ~~USCIS states that "in determining whether an alien meets the definition for public charge inadmissibility, a number of factors are considered,~~ including at a minimum, age, health, family status, assets, resources, financial status, education, and skills. ~~No single factor, other than the lack of an affidavit of support, if required, will determine whether an individual is a public charge." (USCIS, Public Charge Fact~~ (See 9 FAM 302.8-2(B)(2).) ~~Sheet, April 29, 2011.)~~

(3)   (U) An applicant required to submit an affidavit of support who fails to submit a sufficient affidavit of support is inadmissible as a public charge.  (See 9 FAM 302.8-2(B)(3).)

b.  (U) Defining Public Cash Assistance:  In the "public charge" context, "public cash assistance" for income maintenance includes:

(1)   (U) Supplemental security income (SSI);

(2)   (U) Cash temporary assistance for needy families (TANF), but not including supplemental cash benefits or any non-cash benefits provided under TANF; and

(3)   (U) State and local cash assistance programs that provide for income maintenance (often called state general assistance).

c.  (U) Institutionalization for Long Term Care:

(1)   (U) For INA 212(a)(4) purposes, "institutionalization for long-term care" refers to care for an indefinite period of time for mental or other health reasons, rather than temporary rehabilitative or recuperative care even if such rehabilitation or recuperation may last weeks or months.

(2)   (U) In addition, USCIS notes that "public assistance, including Medicaid, that is used to support aliens who reside in an institution for long-term care – such as a nursing home or mental health institution – may be considered as an adverse factor in the totality of the circumstances for purposes of public charge determinations.  Short-term institutionalization for rehabilitation is not subject to public charge consideration."  See USCIS, Public Charge Fact Sheet, April 29, 2011.

~~(4)   (U) These types of assistance are sometimes also referred to as "means tested benefits."~~

~~c.~~d.   (U) Benefits Not Considered for Public Charge as Cash Assistance For Income Maintenance:

(1)   (U) There are many forms of ~~U.S. Government~~public assistance that an ~~alien~~applicant may have accepted in the past, or that you may reasonably believe

an ~~alien~~applicant might receive after admission to the United States, that are of a non-cash and/or supplemental nature and ~~would not create an inadmissibility under INA 212(a)(4).  Certain programs are funded with public funds for the general good, such as public education and child vaccination programs, etc., and are not considered to be benefits for the purposes of INA 212(a)(4).~~ should not be considered to be benefits when examining the applicant under INA 212(a)(4), and may only be considered as part of the

totality of the applicant's circumstances in determining whether an applicant is likely to become a public charge.

(2)  (U) Although the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 prohibit aliens from receiving many kinds of public benefits, it specifically exempts from this prohibition several of the public benefits indicated below. ~~Neither the past nor possible future receipt of such non-cash or supplemental assistance may be considered in determining whether an alien is likely to become a public charge.  The benefits~~

~~(1)~~(3)    (U) Benefits that are not to be considered as public cash assistance or income include, but are not limited to:

(a)   (U) ~~The Food Stamp~~Supplemental Nutrition Assistance Program~~;~~ (SNAP) (formerly called "Food Stamps");

(b)   (U) The Medicaid Program (other than ~~payments~~payment under Medicaid for long-term institutional care);

(c)   (U) The Child Health Insurance Program (CHIP);

(d)   (U) Emergency medical services;

(e)   (U) The Women, Infants and Children (WIC) Program;

(f)   (U) Other nutrition and food assistance programs;

(g)   (U) Other health and medical benefits;

(h)   (U) Child-~~ ~~care benefits;

(i)   ~~(I)~~  (U) ~~foster~~Foster care;

(j)   (U) Transportation vouchers~~;~~

(k)   (U) Job training programs;

(l)   (U) Energy assistance, such as the low-income home energy assistance program (LIHEAP);

(m)   (U) Educational assistance, such as Head Start or aid for elementary, secondary, or higher education;

(n)   (U) Job training;

> **Formatted:** Indent: Hanging:  0.37", Right:  0.01", Numbered + Level: 2 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0.61" + Indent at:  0.61"

(p)(o)     (U) In-kind emergency community services, such as soup kitchens and crisis counseling;

(q)(p)     (U) State and local programs that serve the same purposes as the Federal inkind programs listed above; and

(r)(q)     (U) anyAny other Federal, State, or local program in which benefits are paid inkind, by voucher or by any means other than payment of cash benefits to the eligible person for income maintenance.

~~(2)  (U) In all cases, the underlying nature of the program reveals whether it is considered a "public charge" (i.e., is the program intended to be a primary source of cash for income maintenance?).  Some programs which provide cash benefits for special purposes are supplemental and not for income maintenance.  They include such help as transportation or child care benefits paid in cash, or one-time emergency payments made under TANF to avoid the need for on-going cash assistance.~~

(3)(4)     (U) Cash benefits that have been earned (e.g., social security payments, old age survivors disability insurance (OASDI), unemployment benefits, U.S. Government pension benefits, and veterans benefits) are not considered public cash assistance for the purposes of a public charge determination under INA 212(a)(4).

**Formatted:** Indent: Hanging: 0.37", Right: 0.01", Space After: 19.5 pt, Numbered + Level: 2 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.61" + Indent at: 0.61"

~~b.~~ d. (U) Institutionalization for Long Term Care:

~~(1)  (U) For INA 212(a)(4) purposes, "institutionalization for long-term care" refers to care for an indefinite period of time for mental or other health reasons, rather than temporary rehabilitative or recuperative care even if such rehabilitation or recuperation may last weeks or months.~~

~~(2)~~(1)   (U) In addition, USCIS notes that "public assistance, including Medicaid, that is used to support aliens who reside in an institution for long-term care – such as a nursing home or mental health institution – may be considered as an adverse factor in the totality of the circumstances for purposes of public charge determinations.  Short-term institutionalization for rehabilitation is not subject to public charge consideration." See USCIS, Public Charge Fact Sheet, April 29, 2011.

## 9 FAM 302.8-2(B)(2)  (U)  Determining "Totality of Circumstances"

(CT:VISA-483;   01-03-2018)

a. (U) In General:

(1)  (U) In making a determination whether an applicant is inadmissible under INA 212(a)(4)(B), in every case, you must consider at a minimum the applicant's:

(a)   (U) Age;

(b)   (U) Health;

(c)   (U) Family status;

(d)   (U) Assets, resources, and financial status; and (e)  (U) Education and skills.

(2)  (U) These factors, and any other reasonable factors considered relevant by an officer in a specific case, will make up the "totality of the circumstances" that you must consider when making a public charge determination.

(3)  (U) Value of the Affidavit of Support: A properly filed, non-fraudulent Form I864 in those cases where it is required, is a positive factor in the totality of the circumstances.  The applicant must still meet the INA 212(a)(4) requirements and satisfy the "totality of the circumstances" analysis, which requires the consideration of the factors listed in paragraph (1) above .

b. (U) Health:

(1)  (U) You must take into consideration the panel physician's report regarding the applicant's health, especially if there is a prognosis that might prevent or ultimately hinder the applicant from maintaining employment successfully or indicate the likelihood that the alien would require institutionalization at government expense. As noted above in 9 FAM 302.8-2(B)(1) paragraph (c), the likelihood that an applicant will receive Medicaid that is used to support applicants who reside in an institution for long-term care – such as a nursing

**Formatted:** Indent: Hanging:  0.26", Right:  0.01", Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 2 + Alignment: Left + Aligned at:  0.26" + Indent at:  0.26"

**Formatted:** Right:  0.01", Numbered + Level: 2 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.6" + Indent at:  0.6"

006

home or mental health institution – may be considered as an adverse factor in the totality of the circumstances for purposes of public charge determinations.

(2) (U) Additionally, certain health issues which might affect employment, increase likelihood of future medical expenses, or otherwise affect the applicant's ability to adequately provide for himself or herself or dependents should increase the burden on the applicant to provide evidence that they will not become a public charge.

(3) (U) This could include the need to provide proof of medical insurance or other ability to pay medical expenses in the United States.

c. (U) Family Status:  You should consider the number of dependents for whom the applicant would have financial responsibility.  Having a significant number of dependents may be a negative factor, because greater resources are required to avoid relying on public assistance and benefits from the government. An applicant generally should at least be able to support the number of dependents at 125 percent of the Federal Poverty Guidelines.

d. (U) Applicant's Age:  You should consider the age of the applicant.  For a person who is under the age of 18 and either is not accompanied by a parent or guardian or not following to join a parent or guardian, age is a negative factor in the totality of the circumstances.  If the applicant is 18 years of age or older, you should consider what skills the applicant has to make him or her employable in the United States.  An applicant's advanced age may be a negative factor, if you believe it adversely affects the person's employability and may increase the potential for healthcare related costs.

e. (U) Education and Work Experience:

(1) (U) For applicants with an approved Form I-140, Immigrant Petition for Alien Worker, you should review the applicant's education and work experience to determine if these are compatible with the duties of the applicant's job offer (if any).

(2) (U) You should consider the applicant's skills, length of employment, and frequency of job changes.  You may conclude that work experience is evidence of skills.

(3) (U) Even if a job offer is not required for the visa classification, you should assess the likelihood of the alien's ability to become or remain self-sufficient in the United States.  (See paragraph f below.)  You may consider employment plans or tentative job offers as evidence towards the totality of the circumstances for nonEmployment based applicants.

(4) (U) Employment Considerations and the I-864:  You may not consider an offer of employment to an applicant in place of a Form I-864 in cases where the I-864 is required.  For more information on the impact of employment on the affidavit of support requirement see 9 FAM 302.8-2(C)(1) paragraph c.

**Formatted:** Indent: Hanging:  0.25", Right:  0.01", Space After:  0 pt, Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 2 + Alignment: Left + Aligned at: 0.25" + Indent at:  0.25"

(5)  (U) Information Contained on Approved Labor Certification:  The majority of employment-based immigrants are subject to the labor certification requirement under INA 212(a)(5) (see 22 CFR 40.51 and 9 FAM 302.1-5(B)). You may presume, that in cases such as this, when a Labor Department Form ETA-9089, Application for Permanent Employment Certification, or Form ETA-750-Part A & B, Application for Alien Employment Certification is certified, that the position is permanent and the prevailing wage has been met.  If you identify new facts that indicate that the position is not permanent or that the prevailing wage has not been met, you must follow the procedures at 9 FAM 504.2-8 Revocation and Revalidation of Immigration Visa Petitions.  Some employment-based immigrants require an affidavit of support, see 9 FAM 302.8-2(C)(1) paragraph a(3) for more information on that requirement.

f.  (U) The Applicant's Financial Resources:

(1)  (U) Consideration of Current or Prior Receipt of Public Assistance:

(a)  (U) The public charge provision in INA 212(a)(4) is prospective in nature. You must, therefore, base the determination of the likelihood that the applicant will become a public charge in the future on the assessment of the alien's totality of the circumstances, including whether those circumstances reasonably lead to a determination that the alien is likely to obtain public benefits if he or she enters the United States.

(b)  (U) Receipt of Public Assistance by the Applicant:

(i)    (U)  Past or current receipt of public assistance of any type by the visa applicant or a family member in the visa applicant's household is relevant to determining whether the applicant is likely to become a public charge in the future but the determination must be made on the present circumstances.

(ii)   (U) If the applicant's financial circumstances are significantly different than when the applicant received public assistance, that would be a factor against a public charge finding under INA 212(a)(4).  However, if the applicant's financial circumstances are similar, that would be a strong factor in favor of a public charge finding.

(c)  (U) Receipt of Means-Tested Benefits by the Sponsor:

(i)    (U) The sponsor's past or current receipt of means-tested benefits is a factor in support of a finding of inadmissibility for the applicant under INA 212(a)(4), insofar as it affects the applicant's resources and financial status, including  the sponsor's ability to support the applicant.

(ii)   (U) If the sponsor or any member of his or her household has received public means-tested benefits within the past three years, you must review fully the sponsor's current ability to provide the requisite level

**Formatted:** Indent: Hanging:  0.25", Right:  0.01", Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 2 + Alignment: Left + Aligned at:  0.25" + Indent at:  0.25"

of support, taking into consideration the kind of assistance provided and the dates received.

(iii)   (U) You must review carefully Form I-864 or Form I-134 and all attachments submitted with Form I-134, as well as evidence of the sponsor's current financial circumstances, in such cases.

(iv)   (U) See 9 FAM 302.8-2(C) for more information on the affidavit of support.

(2)  (U) Evidence of Financial Resources:

(a)   (U) In general: If an applicant has sufficient resources, it is a positive factor in the totality of the circumstances as the applicant is less likely to become a public charge.  You should refer to 9 FAM 302.8-2(C)(12), Poverty Income Guidelines, published by the Department of Health and Human Services (HHS).  Income above 125% of the Federal Poverty Guideline and assets in the amount of 5 times 125% of the Federal Poverty Guideline generally constitutes sufficient resources. See USCIS, Public Charge Fact Sheet, April 29, 2011.

(b)   (U) Family members:

(i)   (U) All accompanying dependent family members and other dependent family members already in the United States are considered to be within the family unit for purposes of applying the poverty income guidelines.

(ii)   (U) A dependent family member's receipt of public benefits is a heavily negative factor in the totality of circumstances unless the applicant can demonstrate that his or her prospective income and assets with the income and assets of the others in the family will be sufficient for the family to overcome the poverty income guideline for the family.

(c)   (U) Informing Applicants of Required Documentation: You should make every effort to inform applicants in advance of the visa interview of the required support documents.  You should be in a position to issue or deny the visa under INA 212(a)(4) at the end of the initial visa interview, assuming that the applicant has made reasonable efforts to submit the evidence originally requested.   Applicants who are not likely to overcome the public charge provision even after the presentation of additional evidence should be refused under INA 212(a)(4) instead of INA 221(g).  Adequate time and effort spent prior to and during the initial interview can save work for the post and the applicant in this respect.

(d)   (U) Evidence of Resources: An applicant may establish the adequacy of financial resources by submitting evidence of bank deposits, ownership of property or real estate, ownership of stocks and bonds, insurance policies, or income from business investments sufficient to provide for his or her

**Formatted:** Indent: Hanging:  0.46", Right:  0.01", Numbered + Level: 3 + Numbering Style: a, b, c, … + Start at: 3 + Alignment: Left + Aligned at:  1.25" + Indent at:  1.25"

009

needs, as well as those of any dependent family member, until suitable employment is located.  (The amount sufficient will depend on the applicant's age, physical condition, and the circumstances and size of the applicant's family.)

(i)   (U) Bank Deposits—Applicants relying on bank deposits to meet the public charge requirements should present as evidence a letter signed by a senior officer of the bank over the officer's title, showing:

·   (U) The date the account was opened;

·   (U) The number and amount of deposits and withdrawals during the last 12 months;

·   (U) The present balance.  This information may prevent attempted abuse such as an initial deposit of a substantial sum of money being made within a relatively short time prior to the immigrant visa application; and

·   (U) How the money, if in a foreign bank in foreign currency, is to be transferred to the United States.

(ii)   (U) Real estate investments—Evidence of property ownership may be in the form of a title deed or equivalent or certified copies.  The applicant must satisfy you as to the plans for disposal or rental of such property and the manner in which the income from the property (if abroad) is to be transferred to the United States for the applicant's support.

(iii)   (U) Stocks and Bonds—Evidence of income from these sources should indicate present cash value or expected earnings and, if the income is derived from a source outside the United States, a statement as to how the income is to be transferred to the United States.

(iv)   (U) Income from business investments;

(v)   (U) Insurance policies; or

(vi)   (U) Sufficient support from a combination of the above sources.

(3)   (U) Use of Form I-134, Affidavit of Support:

(a)   (U) Because INA 212(a)(4)(C) and INA 213A require the use of Form I-864 for so many classes of immigrants, the use of Form I-134, has been reduced considerably.  Nevertheless, there still are circumstances when Form I-134 may be beneficial.  This affidavit, submitted by the applicant at your request, is not legally binding on the sponsor and should not be accorded the same weight as Form I-864.  Form I-134 should be given consideration as one form of evidence, however, in conjunction with the other forms of evidence mentioned below.

---

**Formatted:** Indent: Left:  0.98", Hanging:  0.49", Right:  0.01", Numbered + Level: 4 + Numbering Style: i, ii, iii, … + Start at: 1 + Alignment: Left + Aligned at:  1.47" + Indent at:  1.47"

**Formatted:** Indent: Left:  1.23", Right:  0.01"

**Formatted:** Indent: Left:  1.23", Right:  0.01"

**Formatted:** Indent: Left:  0.98", Hanging:  0.49", Right: 0.01", Numbered + Level: 4 + Numbering Style: i, ii, iii, … + Start at: 1 + Alignment: Left + Aligned at:  1.47" + Indent at:  1.47"

**Formatted:** Indent: Left:  0.98", Hanging:  0.49", Right: 0.01", Space After:  0 pt, Line spacing:  single, Numbered + Level: 4 + Numbering Style: i, ii, iii, … + Start at: 1 + Alignment: Left + Aligned at:  1.47" + Indent at:  1.47"

010

(b)  (U) If any of the following applicants need an Affidavit of Support to meet the public charge requirement, they must use Form I-134, as they are not authorized to use Form I-864:

  (i)    (U) Returning resident applicants (SBs);

  (ii)   (U) Diversity visa applicants (DVs); and

  (iii)  (U) Fiancé(e)s (K-1s or K-3s).

(c)  (U) The submission of Form I-134 alone is not sufficient to establish that the beneficiary is not likely to become a public charge.  You must make a thorough evaluation of other factors, such as:

  (i)    (U) The sponsor's motives in submitting the affidavit;

  (ii)   (U) The sponsor's relationship to the applicant (e.g., relative by blood or marriage, former employer or employee, schoolmates, or business associates);

        (U) NOTE: When there are compelling or forceful ties between the applicant and the sponsor, such as a close family relationship or friendship of long standing, you may favorably consider the affidavit. On the other hand, an affidavit submitted by a casual friend or distant relative who has little or no personal knowledge of the applicant has more limited value.  If the sponsor is not a U.S. citizen or lawful permanent resident (LPR), the likelihood of the sponsor's support of an immigrant visa (IV) applicant until the applicant can become selfsupporting is a particularly important consideration.

  (iii)  (U) The length of time the sponsor and applicant have known each other;

  (iv)   (U) The sponsor's financial resources; and

  (v)    (U) Other obligations and expenses of the sponsor, as indicated on the I134.

(d)  (U) The degree of corroborative detail necessary to support the affidavit will vary depending upon the circumstances.  In immigrant cases, however, the sponsor's statement should include:

  (i)    (U) Information regarding income and resources;

  (ii)   (U) Financial obligations for the support of immediate family members and other dependents;

  (iii)  (U) Other obligations and expenses; and

  (iv)   (U) Plans and arrangements made for the applicant's support in the absence of a legal obligation toward the applicant.

**Formatted:** Indent: Left:  0.98", Hanging:  0.48", Right: 0.01", Numbered + Level: 5 + Numbering Style: i, ii, iii, … + Start at: 1 + Alignment: Left + Aligned at:  1.46" + Indent at:  1.46"

**Formatted:** Indent: Left:  0.98", Hanging:  0.49", Right: 0.01", Numbered + Level: 5 + Numbering Style: i, ii, iii, … + Start at: 3 + Alignment: Left + Aligned at:  1.47" + Indent at:  1.47"

**Formatted:** Indent: Left:  0.98", Right: 0.01", Numbered + Level: 3 + Numbering Style: a, b, c, … + Start at: 4 + Alignment: Left + Aligned at:  0.98" + Indent at:  0.98"

(e)  (U) To substantiate the information regarding income and resources, the sponsor should attach to the affidavit a copy of the latest federal income tax return filed prior to the signing of the Form I-134, including all supporting schedules.  If you determine that the tax return and/or additional evidence in the file do not establish the sponsor's financial ability to carry out the commitment toward the immigrant for what might be an indefinite period of time, or there is a specific reason (other than the passage of time) to question the veracity of the income stated on the Form I-134 or the accompanying document(s), you should request additional evidence (i.e., statement from an employer showing the sponsor's salary and the length and permanency of employment, recent pay statements, or other financial data).

(f)  (U) If the sponsor has a well-established business and submits a rating from a recognized business rating organization, you may accept evidence other than a copy of the sponsor's latest income tax return to establish the sponsor's ability to provide financial support to the applicant.

g. (U) Public Charge Bonds:

(1)  (U) Submission to the Department:  In rare cases where you have to consider the use of a bond in either a NIV or IV case, you must consult with CA/VO/L/A for assistance.  In cases where the applicant appears to be ineligible as a public charge, the sponsor or another person may wish to post a public charge bond pursuant to INA 213.  The public charge bond should be used sparingly.  When an applicant appears likely on the facts to become a public charge (for example because of an acute physical condition and lack of adequate resources), the filing of a bond would not serve any purpose if the needs of the applicant would easily overcome the value of the bond.

*Formatted: Indent: Left: 0.6", Right: 0.01",  No bullets or numbering*

(2)  (U) The visa issued in such cases must carry a notation that the bond was posted and the notification (or a certified copy thereof) that the bond had been posted must also be attached to the visa.

## 9 FAM 302.8-2(B)(3)  (U) Applying INA 212(a)(4) to Immigrants

*Formatted: Heading 3, Right: 0"*

*Formatted: Heading 4*

(CT:VISA-198;   09-30-2016483;   01-03-2018)

a.  (U) Determining Likelihood of Inadmissibility:

(1)a.  (U) INA 212(a)(4) applies to all aliens seeking entry into the United Statesvisa applicants, with a few exceptions (see 9 FAM 302.8-2(B)(18) below).  With respect to immigrant visa applicants, the amount and type of evidence generally required is much greater than that required in a nonimmigrant case.  In all cases, however, you must base the determination of the likelihood that the applicant will become a public charge on a reasonable future projection of the alien's present circumstances.  You may not refuse a visa on the basis of "what if" type considerations (e.g., "what if the applicant loses the job before reaching the intended destination," or "what if the

*Formatted: Indent: Hanging:  0.25", Right: 0.01", Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.25" + Indent at:  0.25"*

applicant is faced with a medical emergency."). Instead, you must assess only the "totality of the circumstances" existing at the time of visa application. (See 9 FAM 302.8-2(B)(3) below.) In short, you must be able to point to circumstances which make it not merely possible, but likely, that the applicant will become a public charge, as defined in 9 FAM 302.8-2(B)(1), above.6) below).

(1) (U) You must base the determination of the likelihood that the applicant will become a public charge based on an assessment of the totality of the circumstances regarding the applicant.

(2) (U) You must be able to point to circumstances which make it not merely possible, but likely, that the applicant will become a public charge at any time in the future, as defined in 9 FAM 302.8-2(B)(1), above.

b. (U) Effect of Affidavit of Support Requirement on Public Charge Determinations:

(1) Under INA 213A, an affidavit of support is a requirement for certain applicants as apart of the public charge inadmissibility determination under INA 212(a)(4). The requirements under both INA 212(a)(4) and INA 213Amust be satisfied when the applicant is subject to INA 213A.

(a) (U) A properly filed and sufficient, non-fraudulent Form I-864, may not necessarily satisfy the INA 212(a)(4) requirements, but may provide additional evidence in the review of public charge determination.

(b) (U) You may consider the likelihood that the sponsor(s) will support the applicant in determining public charge.

(c) (U) If you have concerns about whether a particular Form I-864 may be "fraudulent," you should contact CA/FPP for guidance.

c. (U) Who is Subject to INA 213A: For information on applicants subject to the requirements of INA 213A see 9 FAM 302.8-2(C)(1).

d. (U) Diversity Immigrants (DV) Applicants: DV applicants differ from most IV applicants in that the Diversity Immigrant program was designed to permit immigration without petitioners or sponsors. As in other IV cases, you should review the totality of the DV applicant's circumstances to assess her or his likelihood of becoming a public charge. Although the DV program requires a certain level of education or work experience (see 9 FAM 502.6-3), these are minimums and must be considered in the totality of the DV applicant's circumstances to determine his ability to become or remain self-sufficient in the United States.


## 9 FAM 302.8-2(B)(4)  (U) Applying INA 212(a)(4) in NIV Cases

(CT:VISA-483;   01-03-2018)

a. (U) NIV Applicants and INA 212(a)(4):

(1) (U) All NIV applicants, except those mentioned in 9 FAM 302.8-2(B)(6) below, are subject to a INA 212(a)(4).

(2)  (U) Additionally, if an applicant cannot overcome INA 214(b), you should not expend resources on pursuing a possible INA 212(a)(4) ineligibility, as the applicant's circumstances might be very different should he or she apply again in the future.

(3)  (U) In determining inadmissibility under INA 212(a)(4), you must be aware of the differences in the requirements imposed on immigrant, as opposed to NIV applicants.  The amount and type of evidence generally required in an immigrant visa case is much greater than that which is required in a nonimmigrant visa case. Evidence that establishes the applicant is entitled to an NIV is generally sufficient to meet the requirements of INA 212(a)(4), absent evidence that gives you reason to believe that a public charge concern exists.

b. (U) Additional Evidence of Support in NIV Cases:  If the evidence of nonimmigrant status submitted does not indicate adequate provision for the applicant's support while in the United States and for the return abroad, you may request specific financial evidence.  Such evidence may take the form of a Form I-134 from a sponsor that clearly indicates the sponsor's willingness to act in such capacity and the extent of financial responsibility undertaken for the applicant, or a surety bond (See 9 FAM 302.8-2(B)(2) paragraph g)

c. (U) Alien's Government Requiring Evidence of Support:  Some foreign governments require their nationals to present evidence of support from a U.S. sponsor prior to the issuance of a passport or exit permit.  Such documentation is usually required in the form of an Affidavit of Support guaranteeing that, while in the United States, the applicant will not become a burden on the applicant's country.  Consular officers who are serving in a country with this requirement should not automatically require all applicants applying for visas to submit a copy of the support evidence submitted to the applicant's government.  However, you may request a copy, as warranted.

d. (U) Aliens Seeking Admission For Medical Treatment:  If the personal resources of an applicant seeking admission to the United States for medical treatment are not sufficient or are unavailable for use outside the country of residence, detailed documentation regarding the arrangements made for the applicant's medical care and support may confirm the financial ability of the guarantor to pay for medical treatment. Normally, this would include letters from the treating physician or hospital explaining the course and cost of treatment, including financial arrangements therefor, and letters from family, friends, or charitable organizations undertaking to cover the costs of medical care and support.

e. (U) Alien Seeking Admission as K Nonimmigrants:  See 9 FAM 302.8-2(B)(2) paragraph f(3).

f.  (U) Public Charge Bonds:  In cases where the applicant is otherwise eligible for a visa, including under INA 214(b), the procedures for posting bond for NIVs are the same as those for immigrant visas (IV).  (See 9 FAM 302.8-2(B)(2) paragraph g.)

## 9 FAM 302.8-2(B)(5)  (U) INA 221(g) versus INA 212(a)(4) Refusals

(CT:VISA-483;   01-03-2018)

(U) The determination of whether INA 221(g) or INA 212(a)(4) is the appropriate ground of refusal is determined by whether or not you have decided that you have enough information to make a finding of whether the applicant is likely to become a public charge under INA 212(a)(4).

(1)  (U) For example, if Form I-864 is submitted without a copy of the latest Federal income tax return filed prior to the signing of the Form I-864, then this is a documentary problem; the refusal should be INA 221(g).

(2)  (U) On the other hand, if the Affidavit of Support is technically complete but does not reflect sufficient financial resources even after any possible joint sponsors have submitted an Affidavit of Support, or the applicant has no Form I-864, then a substantive problem exists insofar as the petitioner or sponsor does not meet the qualifying criteria set forth in INA 213A, and you must refuse the visa under INA 212(a)(4).

(3)  (U) You should note that applications refused under INA 212(a)(4), unlike those refused under INA 221(g), are not subject to termination under INA 203(g).  See 9 FAM 504.13, Termination of Immigrant Visa Registration for more information on termination.

## 9 FAM 302.8-2(B)(6)  (U) Aliens Exempt from INA 212(a)(4)

(CT:VISA-483;   01-03-2018)

(U) The following visa classes are exempt from INA 212(a)(4):

(1)  (U) Nonimmigrants who qualify under INA 101(a)(15)(A) or INA 101(a)(15)(G), who are exempt from the public charge provisions of the law under INA 102 (other than those classifiable as A-3 or G-5);

(2)  (U) Nonimmigrants who qualify under INA 101(a)(15)(T);

(3)  (U) Nonimmigrants who qualify under INA 101(a)(15)(U);

(4)  (U) VAWA self-petitioners; and

(5)  (U) Qualified aliens described in section 431(c) of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (8 U.S.C. 1641(c)).

(2)  9 FAM 302.8-2(C)  (U) (U) It is possible, however, for an applicant to show he or she is not likely to become a public charge and yet be found inadmissible under INA 212(a)(4) because of the 1996 amendment to that provision.  Specifically, an applicant subject to the requirement for a specific type of affidavit of support (AOS), such as an I-864, must have such an AOS, regardless of any or all other circumstances. Therefore, if the relative petitioner of such an applicant does not,

015

~~or cannot, properly execute a Form I-864 that applicant must be considered ineligible for a visa and the visa application should then be refused.  See 9 FAM 302.8-2(B)(11) below.~~

~~(3)  (U) Additionally, applicants who are not required to submit the Form I-864 must still be found not to be ineligible under INA 212(a)(4) in light of the totality of their circumstances.~~

~~b. (U) Applicants Required to Submit Form I-864:  Applicants in any of the following immigrant categories must present Form I-864, properly executed in compliance with INA 213A, in order to establish their eligibility under INA 212(a)(4)(C).  The term "relative" has been defined by 8 CFR 213a.1 to mean a husband, wife, father, mother, child, adult son or daughter, or brother or sister.~~

## Affidavit of Support

### 9 FAM 302.8-2(C)(1)  (U) Affidavit of Support Requirement and Purpose
(CT:VISA-483;   01-03-2018)

a. (U) Who Requires Form I-864, Affidavit of Support Under Section 213A of the Act?  Pursuant to INA 213A the following applicants are required to submit a properly executed Affidavit of Support (Form I-864):

(1)  (U) Immediate relatives, including:

    (a) (U) Spouse of a U.S. citizen;

    (b) (U) Parent of a U.S. citizen;

    ~~(c)~~ (U) Child of a U.S. citizen (including adopted orphans or Hague Convention adoptees unless the ~~orphan would~~child will automatically become a citizen upon ~~lawful admission as an immigrant pursuant to~~fulfillment of conditions of section

    (c) 320 of the Act); (See paragraph ~~d~~b(1) below); and

    ~~(d)~~ (U) K nonimmigrants adjusting to lawful permanent resident (LPR) status (See paragraph ~~d~~b(3)~~(e) below)~~.

    (d) ~~(U) NOTE:  Certain children classified Immediate Relative (IR-2 or IR-3) do not need Form I-864 (see paragraph d(1~~d) below).

(2)  (U) Family-based preference applicants, including:

    (a) (U) Unmarried sons and daughters of U.S. citizens and their minor children, if any (F1);

    (b) (U) Spouses, children, and unmarried sons and daughters of permanent resident ~~aliens~~applicants (F2A/F2B);

    (c) (U) Married sons and daughters of U.S. citizens (F3~~;)~~ including spouses and ~~(d)~~ minor children; and

Formatted: Indent: Hanging:  0.37", Right:  0.01", Numbered + Level: 2 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0.61" + Indent at:  0.61"

Formatted: Indent: Hanging:  0.37", Right:  0.01", Numbered + Level: 3 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.97" + Indent at:  0.97"

Formatted: Indent: Hanging:  0.37", Right:  0.01", Numbered + Level: 3 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.97" + Indent at:  0.97"

(c)(d)     (U) Brothers and sisters of U.S. citizens including spouses and minor children (F4).

(3) (U) Certain employment-based preference applicants including:

    (a) (U) Beneficiary of a petition filed by a U.S. citizen or LPR alien relative who is the sole proprietor of beneficiary's relative or the business filing beneficiary of a petition filed by an entity in which the petition;beneficiary's U.S. citizen or LPR relative has a significant ownership interest. (Note, however, that no I-864 is required if the beneficiary's relative is a brother or sister unless that brother or sister is a U.S. citizen, in which case an I-864 is still required):

    (b) (U) Beneficiary of a petition filed by an entity in which a U.S. citizen or LPR relative of the alienapplicant has a 5 percent or greater ownership interest. (Note that in such cases, the petitioning entity cannot file Form I-134, but must show intent to honor the employment offer.)  The citizen or LPR relative of the applicant to be employed by the petitioning entity must file Form I-864 on behalf of the applicant;

    (c) (U) An accompanying or following-to-join family member of such immigrants, but only if the principal applicant, at the time of his or her entry, was required to submit Form I-864.

c. (U) Effect of Form I-864 on Public Charge Determinations:  A properly filed, nonfraudulent Form I-864, should normally be considered sufficient to overcome the INA 212(a)(4) requirements.  In determining whether the INA 213A requirements creating a legally binding affidavit have been met, the credibility of an offer of support from a person who meets the definition of a sponsor and who has verifiable resources is not a factor — the affidavit is enforceable regardless of the sponsor's actual intent and should not be considered by you, unless there are significant public charge concerns relating to the specific case, such as if the applicant is of advanced age or has a serious medical condition.  If you have concerns about whether a particular Form I-864 may be "fraudulent", you should contact CA/FPP for guidance.

d. (U) Applicant Who Are Not Required To Submit Form I-864:

b. (U) Certain IR-2 and (U) Applicants Not Required to Submit a Form I-864:

(1)  (U) Certain IR-2, IR-3, and IH-3 Applicants who benefit from the Child Citizenship Act:

(1)  (U) Public Law 106-395 (will qualify under INA 320, part of the Child Citizenship Act of 2000) went into effect on February 27, 2001.  The Act amended INA 320 to confer automatic citizenship upon certain :

    (a)  (U) Certain categories of children born abroad upon their admission to acquire U.S. citizenship automatically upon fulfillment of the conditions of INA 320.  INA 320 may apply to:

(i)     (U) An orphan classified as an IR-3 who meets the requirements of INA 101(b)(1)(F) or Hague Convention adoptee classified as an IH-3 who meets the requirements of INA 101(b)(1)(G), provided the child is residing in the United States as in the legal and physical custody of the adoptive U.S. citizen parent pursuant to a lawful admission for permanent residence while under the age of 18;

(ii)    (U) An adopted child classified as an IR-2 who meets the requirements of INA 101(b)(1)(E), provided the child is residing in the United States in the legal and physical custody of the adoptive U.S. citizen parent pursuant to a lawful admission for permanent residence while under the age of 18; and

(iii)   (U) A child classified as an IR-2 (born in or out of wedlock) to a parent who is now a U.S. citizen, provided the child is residing in the United States in the legal and physical custody of the adoptive U.S. citizen parent pursuant to a lawful admission for permanent residence while

under the age of 18 and will be residing permanently in the United States in the legal and physical custody of the U.S. citizen parent as of the time of admission.

residents (LPRs). NOTE:  Automatic acquisition of U.S. citizenship occurs when the last of the conditions of INA 320 has been fulfilled (while the child is under the age of 18).  Because it can be difficult to ascertain the exact day the "is residing in" requirement is met, in general, provided there is sufficient evidence that the child and parents in fact will be residing in the United States once the child is admitted as a lawful permanent resident (and if all other conditions have already been met), the date of lawful admission for permanent residence may be used as the date of automatic acquisition.

(a)  (U) Because the obligations that INA 213A imposes on a sponsor who executes a Form I-864 terminate when the sponsored alien acquires citizenship, Form I-864 should not be

(b)   required for those categories of immigrants who will acquire citizenship upon admission to the United States.

(c)   (U) Instead, the intending immigrant applicant (or U.S. citizen parent if the immigrant is under 14 years of age) must file Form I-864 W864W, Intending Immigrant's Affidavit of Support Exemption.

(b)(d)     (U) Although such a the visa applicant is still subject to the public charge provisions of INA 212(a)(4) even without an affidavit of support requirement,), the public charge concern will no longer apply to the applicant once the immigrant acquires citizenship.  You should consider the applicant's likely acquisition of citizenship immediately upon admission when you determine whether the applicant is likely to become a public charge at any time while in the United States as an alien.

**Formatted:** Indent: Left:  1.47", Right:  0.05",  No bullets or numbering

**Formatted:** Indent: Left:  0.98", Right:  0.01", Numbered + Level: 2 + Numbering Style: a, b, c, … + Start at: 2 + Alignment: Left + Aligned at:  0.98" + Indent at:  0.98"

**Formatted:** Indent: Left:  0.98", Right:  0.01", Numbered + Level: 2 + Numbering Style: a, b, c, … + Start at: 2 + Alignment: Left + Aligned at:  0.98" + Indent at:  0.98"

(c)   (U) An intending immigrant must submit the Form I-864-W, instead of Form I-864, to establish that the intending immigrant is not required to submit the Form I-864 where he or she is the child of a U.S. citizen and will acquire citizenship under Section 320 of the Act if the application for admission as an immigrant or adjustment of status is approved

(d)   (U) Form I-864 is, therefore, not required in any case in which the visa applicant qualifies for automatic citizenship under Section 320 of the Act upon admission.   That would include the following categories of immigrants:

(i)   (U) Orphan classified IR-3, provided the child will be admitted to the United States while still under age 18 and will be residing permanently in the United States in the legal and physical custody of the adoptive U.S. citizen parent as of the time of admission;

(ii)   (U) Adopted child classified IR-2 who meets the requirements of INA 101(b)(1)(E), provided the child will be admitted to the United States while under age 18 and will be residing permanently in the United States in the legal and physical custody of the adoptive U.S. citizen parent as of the time of admission; and

(iii)   (U) Child classified IR-2 (born in or out of wedlock) to a parent who is now a U.S. citizen, provided the child will be admitted to the United States while still under age(U) In any case in which post questions whether or not 18 and will be residing permanently in the United States in the legal and physical custody of the U.S. citizen parent as of the time of admission.

(e)   (U) Except as explained in the notes in this section, the Form I-864 is required for all other family-based immigrants, including biological and adopted children of U.S. citizens who are not eligible for automatic naturalization upon admission as a legal permanent resident (LPR).   Form I-864 is therefore required for:

(i)   (U) An alien classified IR-2 based on a stepparent and/or stepchild relationship with a U.S. citizen;

(ii)   (U) An alien classified IR-2 or IR-3 who will be age 18 or over upon admission to the United States as an LPR;

(iii)   (U) An alien classified IR-2 or IR-3 who will not be residing in the United States in the legal and physical custody of the U.S. citizen parent at the time of lawful admission; or

(iv)   (U) An alien classified IR-4 orphan to be adopted in United States by a U.S. citizen.

(f)(e)      In any case such as these in which the visa applicant qualifies for automatic citizenship under Section 320 of the Act upon admission, and the

**Formatted:** Indent: Left:  1.47", Right:  0.05",  No bullets or numbering

**Formatted:** Indent: Left:  0.98", Right:  0.01", Numbered + Level: 2 + Numbering Style: a, b, c, … + Start at: 2 + Alignment: Left + Aligned at:  0.98" + Indent at:  0.98"

I864 requirement turns solely on whether the visa applicant will immediately qualify for U.S. citizenship upon admission to the United States as an LPR, if posts have questions in this area posts should first seek guidance from consult Consular Affairs/Overseas Citizens Services (CA/OCS) on the citizenship issue.  If CA/OCS advises that the applicant will acquire U.S. citizenship at the moment of admission at the port of entry (POE), and not at any later point; then the applicant is exempt from the Form I-864 requirement, but the applicant or petitioner instead should must file the Form I-864 W864W.

(f)   (U) In cases involving immigrant visa applicants who will be acquiring citizenship upon admission, pursuant to INA 320(U) In these cases it is unlikely in the absence of unusual circumstances that the individual will become a public charge while still an alien prior to naturalization. For obtaining U.S. citizenship.  For IR-3 and IH-3 adoption cases, you should also keep in mind that the Department of Homeland Security (DHS) does not approve Form I-600, Petition to Classify Orphan as an Immediate Relative, or Form I600 A, I-600A,
Application for Advance Processing of Orphan Petition, Form I-800, Petition to
Classify Convention Adoptee as an Immediate Relative, or Form I-800A,
(g)   Application for Determination of Suitability to Adopt a Child from a Convention Country, unless satisfied that the petitioners adoptive parents are capable of supporting the child.

> **Formatted:** Indent: Left:  0.98", Right:  0.01",  No bullets or numbering

(2)  (U) Aliens with 40 Quarters of Work under the Social Security Act (SSA): (a)  (U)
The requirement for visa petitioners to submit Form I-864:

    (i)   (U) Terminates terminates once the sponsored alien has worked in the U.S. United States in a job covered under Title II of the Social Security Act (SSA); and

    (ii)  (U) Can can be credited with 40 qualifying quarters of coverage under Title II of the SSA.

(b)     (U) Therefore, you must waive(U) If the Form I-864 requirement if the applicant alien can demonstrate 40 quarters of work under the SSA, the applicant is not required to file Form I-864.  (9 FAM 302.8-2(B)(14C)(11) for procedures to follow in such cases.)

> **Formatted:** No underline, Underline color: Auto, Font color: Black

(c)   (U) Post should advise immigrant visa (IV) beneficiaries an applicant seeking to demonstrate 40 quarters of the SSA coverage to submit Form I-864 W864W and to attach an earnings and benefits statement from the SSA.

(d)   (U) To obtain an earnings and benefits statement from SSA, immigrant visa (IV) applicants should complete Form SSA-7004-SM, Request for Social Security Statement.  Individuals in the United States can obtain this form by calling SSA's toll-free number, 1-800-772-1213.

> **Formatted:** Indent: Left:  0.6", Hanging:  0.47", Right:  0.01", Numbered + Level: 2 + Numbering Style: a, b, c, … + Start at: 2 + Alignment: Left + Aligned at:  1.08" + Indent at:  1.08"

(e)   (U)  If you have questions about Social Security please call the Social Security Administration at 1-800-772-1213 (toll free).  For General Information TDD/TTY, 1 (8call 00) 325-0778 (toll free).

(b)(f)(U) The term "quarter" means:

   (i)    (U) The three-calendar-month period ending on March 31, June 30, September 30, or December 31 of any year;

   (ii)   (U) Quarters of coverage are obtained by working at a job or as a selfemployed individual, earning a specified minimum income, and making Social Security payments on the earnings; and

   (iii)  (U) Quarters are calculated based on the amount of income earned during the course of the year, rather than the actual number of days worked within a given quarter.

(c)(g)    (U) Every year the SSA establishes the requisite per quarter minimum income.  Any individual earning three times this established amount during the calendar year, for example, would be credited with three quarters of coverage, even if the individual worked for only one month.  The sponsored immigrant is not to be credited with any quarter beginning after December 31, 1996 during which the sponsored immigrant received any Federal means-tested public benefit.

(d)(h)    (U) INA 213A(a)(3)(B) states that, in determining the number of qualifying quarters of coverage under title II of the Social Security Act, an alien is to be credited with:

(i)    (U) All of the qualifying quarters of coverage as defined under title II of the Social Security Act worked by a parent of such alien while the alien was under age 18; and

   (ii)   (ii)   (U) All of the qualifying quarters worked by a spouse of such alien during their marriage and the alien remains married to such spouse or such spouse is deceased.

(e)(i)    (U) A parent-child relationship need not have existed when the parent worked the 40 quarters.  For example, an alien can claim those quarters that the parent worked prior to the alien's birth or adoption.

(f)(j)    (U) If the intending immigrant has or can be credited with 40 quarters of coverage under the Social Security Act, and thus is not required filing an I864, the applicant shouldmust file the I-864W instead.

(3)  (U) Other Aliens Exempt from the Form I-864 Requirement:

   (a)  (U) The Form I-864 requirement does not apply to employment-based visa cases, including Special Immigrant Visas (SIVs), other than those involving a relative who is a U.S. citizen or Legal Permanent Resident. Thus, if thelawful permanent resident who have a significant ownership interest in the

petitioning entity. Thus, if the Form I-864 is not required of the principal applicant in these employment-based cases, the accompanying or follow to join aliens are similarly not required to file the I864.

(b)  (U) The Form I-864 is not required for Diversity Immigrants (DV applicants) or), returning resident (SB) applicants, special immigrant juveniles, applicants for registry, individuals granted U nonimmigrant status, refugees, or asylees.

(c)  (U) The Form I-864 is not required for self-petitioning widows or widowers; or the battered abused spouse, parent, or child of a U.S. citizen, the abused spouse or child of a lawful permanent residence, or any derivative child of an abuse spouse or child of a U.S. citizen or lawful permanent residence who have an approved I-360 special immigrant petition. , Petition for Amerasian, Widow(er), or Special Immigrant. However, these applicants must file the Form I-864W, Intending Immigrant's Affidavit of Support Exemption.

(d)  (U) The Form I-864 is not required for K visa applicants.  However, such applicants will have to submit Form I-864 to DHS/USCIS at the time of application for adjustment of status to that of a lawful permanent resident (LPR).  See paragraph (e) below.

(e)  (U) Since K-1 (fiancé(e) of a U.S. citizen) and K-2 (child of the fiancé(e) of a U.S. citizen), K-3 (spouse of U.S. citizen), and K-4 (child of K-3) applicants are technically applying for nonimmigrant visas (NIV), they must use Form I-134, if you determine that a Form I-134 is necessary.  You must not require or accept Form I-864 in K visa cases.  Such applicants will, however, have to submit Form I-864, to the DHS/USCIS at the time of adjustment of status to that of a lawful permanent resident (LPR).  See paragraph (d) above.

9 FAM 302.8-2(B)(3)  (U) Determining "Totality of Circumstances"

(CT:VISA-254;   11-29-2016)

a.  (U) In General:

(1)  (U) In making a determination regarding an alien's admissibility under INA 212(a)(4), you must consider, at a minimum, the alien's:

—

(a)   Age;

(b)(a)        (U) Health;

(c)(a)        (U) Family status;

(d)   (U) Assets;

(e)   (U) Financial status and resources; and (f)   (U) Education or skills.

(2)   (U) These factors, and any other factors thought relevant by an officer in a specific case, will make up the "totality of the circumstances" that you must consider when making a public charge determination.  As noted in 9 FAM 302.8-2(B)(2), a properly filed, non-fraudulent Form I-864 in those cases where it is required, should normally be considered sufficient to meet the INA 212(a)(4) requirements and satisfy the "totality of the circumstances" analysis.  Nevertheless, the factors cited above could be given consideration in an unusual case in which a Form I-864 has been submitted and should be considered in cases where Form I-864 is not required.

b.  (U) Consideration of Current or Prior Receipt Of Public Assistance:

(1)   (U) The public charge provisions of INA 212(a)(4) are generally considered to be forward looking.  You must, therefore, base findings of inadmissibility on the likelihood of the applicant becoming a public charge in the future.  A finding of inadmissibility under INA 212(a)(4) cannot be based solely on the prior receipt of public benefits.  Neither should you base a determination exclusively on even current receipt of subsistence cash benefits or institutionalization.  The determination should always be based upon all available factors.  Past or current receipt of cash benefits for income maintenance by a family member of the visa applicant may be factored into the applicant's case only when such benefits also constitute(d) the primary means of subsistence of the applicant.

(2)   (U) Past or current receipt of other types of benefits, such as those listed in 9 FAM 302.8-2(B)(1) must not be considered.  Further, you should not try to find out whether an alien has previously or is currently receiving benefits such as those listed in 9 FAM 302.8-2(B)(1).

(3)   (U) There is no provision in the law to indicate that the receipt of means-tested benefits by the sponsor would, in itself, result in a finding of inadmissibility for the applicant under INA 212(a)(4).  The sponsor's reliance on such benefits, however, would clearly be an important factor in considering whether the applicant might have to become a public charge.  If the sponsor or any member of his or her household has received public means-tested benefits within the past three years, you must review fully the sponsor's current ability to provide the requisite level of support, taking into consideration the kind of assistance

**Formatted:** Right:  0.01", Numbered + Level: 2 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.6" + Indent at:  0.6"

023

provided and the dates received.  You must review carefully Form I-864 or Form I-134 and all attachments submitted with Form I-134, as well as evidence of the sponsor's current financial circumstances, in such cases.

c. (U) Health:  You must take into consideration the panel physician's report regarding the applicant's health, especially if there is a prognosis that might prevent or ultimately hinder the applicant from maintaining employment successfully or indicate the likelihood that the alien will require institutionalization.

d.b.   (U) Family Status:  You should consider the marital status of the applicant and, if married, the number of dependents for whom he or she would have financial responsibility.

e. (U) Applicant's Age:  You should consider the age of the applicant.  If the applicant is under the age of 16, he or she will need the support of a sponsor.  If the applicant is 16 years of age or older, you should consider what skills the applicant has to make him or her employable in the United States.

f.   (U) Education and Work Experience:  You should review the applicant's education and work experience to determine if these are compatible with the duties of the applicant's job offer (if any).  You should consider the applicant's skills, length of employment, and frequency of job changes.  Even if a job offer is not required, you should assess the likelihood of the alien's ability to become or remain self-sufficient, if necessary, within a reasonable time after entry into the United States.  (See paragraph h below.)

g.b.   (U) The Applicant's Financial Resources:

(1)  (U) Aliens Subject to INA 212(a)(4)(C) or INA 212(a)(4)(D):  An alien who must have Form I-864, will generally not need to have extensive personal resources available unless considerations of health, age, skills, etc., suggest that the likelihood of his or her ever becoming self-supporting is marginal at best.  In such cases, of course, the degree of support that the affiant will be able and likely to provide becomes more important than in the average case.

(2)  (U) Evidence of Support When Form I-864 Not Required:

(a)  (U) An applicant relying solely on personal financial resources for support for him or herself and family members after admission into the United States should be presumed inadmissible for a visa under INA 212(a)(4) unless his or her income (including any to be derived from prearranged employment) will equal or exceed the poverty guideline level for the applicant and accompanying family members.  You should refer to 9 FAM 302.8-2(B)(17), Poverty Income Guidelines, published by the Department of Health and Human Services (HHS).

(b)  (U) Normally, all accompanying dependent family members and other dependent family members already in the United States are considered to be within the family unit for purposes of applying the poverty income guidelines. However, an applicant seeking to join a lawfully admitted permanent resident and two citizen children in the United States, who are receiving public assistance, may be determined to overcome the public charge provision if the applicant's prospective income will exceed on the poverty income guideline table for a single person.  In this instance only, it does not matter that the applicant's prospective income will be below that shown in the poverty income guideline table for a family of four.  It is quite possible that the admission of the applicant and the applicant's income in the United States may permit the lowering of the public assistance benefits the family members now receive.

(c)  (U) You should not rely exclusively on the submission of documents to determine whether an applicant is inadmissible under INA 212(a)(4). Repeated requests for documents in an effort to resolve every small doubt should be avoided.  There is a limit to the value of documents in a situation in which the applicant must satisfy the officer of his or her future activities, intentions, and prospects.

(d)  (U) You should make every effort to inform applicants in advance of the visa interview of the required support documents.  You should be in a position to issue or deny the visa under INA 212(a)(4) at the end of the initial visa

(e)  ―― interview, assuming that the applicant has made reasonable efforts to submit the evidence originally requested.  (For example, in cases where a Form I-864 is required, an application cannot be considered until that document and related information have been executed and considered satisfactory by you.)  Applicants who are not likely to overcome the public charge provision even after the presentation of additional evidence should be refused under INA 212(a)(4) instead of INA 221(g).  Adequate time and effort spent prior to and during the initial interview can save work for the post and the applicant in this respect.

(e)  (U) An applicant may establish the adequacy of financial resources by submitting evidence of bank deposits, ownership of property or real estate, ownership of stocks and bonds, insurance policies, or income from business investments sufficient to provide for his or her needs, as well as those of any dependent family member, until suitable employment is located.  (The amount sufficient will depend on the applicant's age, physical condition, and family circumstances and size.)

(i)  (U) Bank Deposits—Applicants relying on bank deposits to meet the public charge requirements should present as evidence a letter signed by a senior officer of the bank over the officer's title, showing:

•  (U) The date the account was opened;

•  (U) The number and amount of deposits and withdrawals during the last 12 months;

**Formatted:** Indent: Hanging:  0.46", Right:  0.01", Numbered + Level: 3 + Numbering Style: a, b, c, … + Start at: 3 + Alignment: Left + Aligned at:  1.25" + Indent at:  1.25"

**Formatted:** Indent: Left:  0.98", Hanging:  0.49", Right:  0.01", Numbered + Level: 4 + Numbering Style: i, ii, iii, … + Start at: 1 + Alignment: Left + Aligned at:  1.47" + Indent at:  1.47"

**Formatted:** Indent: Left:  1.23", Right:  0.01"

**Formatted:** Indent: Left:  1.23", Right:  0.01"

- (U) The present balance.  This information may prevent attempted abuse such as an initial deposit of a substantial sum of money being made within a relatively short time prior to the immigrant visa application; and

- (U) How the money, if in a foreign bank in foreign currency, is to be transferred to the United States.

(ii)(i)  (U) Real estate investments—Evidence of property ownership may be in the form of a title deed or equivalent or certified copies.  The applicant must satisfy you as to the plans for disposal or rental of such property and the manner in which the income from the property (if abroad) is to be transferred to the United States for the applicant's support.

(iii)  (U) Stocks and Bonds—Evidence of income from these sources should indicate present cash value or expected earnings and, if the income is derived from a source outside the United States, a statement as to how the income is to be transferred to the United States.  (iv)  (U) Income from business investments; or (v)   (U) Insurance policies.

(f)  (U) An applicant may also support a finding that he or she meets the public charge requirements by:

(i)   (U) Evidence of employment of a permanent nature in the United States that will provide an adequate income.  A certified Labor Department Form ETA-9089, Application for Permanent Employment Certification, or Form ETA-750 Part A & B, Application for Alien Employment Certification, will show this if the applicant is subject to the provisions of INA 212(a) (5)(A).  If the labor certification provisions do not apply, the employer

Formatted: Indent: Left:  0.98", Hanging:  0.49", Right: 0.01", Numbered + Level: 4 + Numbering Style: i, ii, iii, … + Start at: 1 + Alignment: Left + Aligned at:  1.47" + Indent at:  1.47"

(i)   may submit a notarized letter of employment, in duplicate, on letterhead stationery attesting to the offer of prearranged employment; or (ii)   (U) Assurance of support by relatives or friends in the United States. (iii)   (U) Sufficient support from a combination of the above sources.

(3)(2)   (U) Use of Form I-134, Affidavit of Support:

(a)   (U) Because INA 212(a)(4)(C) and INA 213A require the use of Form I-864 for so many classes of immigrants, the use of Form I-134, has been reduced considerably.  Nevertheless, there still are circumstances when Form I-134 will be beneficial.  This affidavit, submitted by the applicant at your request, is not legally binding on the sponsor and should not be accorded the same weight as Form I-864.  Form I-134 should be given consideration as one form of evidence, however, in conjunction with the other forms of evidence mentioned below.

(b)(a)   (U) If any of the following applicants need an Affidavit of Support to meet the public charge requirement, they must use Form I-134, as they are not authorized to use Form I-864:

(i)   (U) Returning resident aliens (SBs); (ii)   (U) Diversity visa applicants (DVs); and (iii)   (U) Fiancé(e)s (K-1s or K-3s).

(c)   (U) The simple submission of Form I-134, however, is not sufficient to establish that the beneficiary is not likely to become a public charge.  Although the income requirements of Form I-864 do not apply in such cases (e.g., the 125 percent minimum income), you must make a thorough evaluation of other factors, such as:

(i)   (U) The sponsor's motives in submitting the affidavit;

(ii)(i) (U) The sponsor's relationship to the applicant (e.g., relative by blood or marriage, former employer or employee, schoolmates, or business associates);

(iii)   (U) The length of time the sponsor and applicant have known each other;

(iv)   (U) The sponsor's financial resources; and (v)   (U) Other responsibilities of the sponsor.

(U) NOTE: When there are compelling or forceful ties between the applicant and the sponsor, such as a close family relationship or friendship of long standing, you may favorably consider the affidavit.  On the other hand, an affidavit submitted by a casual friend or distant relative who has little or no personal knowledge of the applicant has more limited value.  If the sponsor is not a U.S. citizen or lawful permanent resident (LPR), the likelihood of the sponsor's support of an immigrant visa (IV) applicant until the applicant can become self-supporting is a particularly important consideration.

(d)   (U) The degree of corroborative detail necessary to support the affidavit will vary depending upon the circumstances.  For example, for a relatively

**Formatted:** Indent: Left:  0.98", Hanging:  0.49", Right: 0.01", Space After:  0 pt, Line spacing:  single, Numbered + Level: 4 + Numbering Style: i, ii, iii, … + Start at: 1 + Alignment: Left + Aligned at:  1.47" + Indent at:  1.47"

**Formatted:** Indent: Left:  0.98", Hanging:  0.48", Right: 0.01", Numbered + Level: 5 + Numbering Style: i, ii, iii, … + Start at: 1 + Alignment: Left + Aligned at:  1.46" + Indent at:  1.46"

**Formatted:** Indent: Left:  0.98", Right: 0.01", Numbered + Level: 3 + Numbering Style: a, b, c, … + Start at: 4 + Alignment: Left + Aligned at:  0.98" + Indent at:  0.98"

shortterm visitor, little, if any, would be required.  In immigrant cases, however, the sponsor's statement should include:

(i)       (U) Information regarding income and resources;

(ii)(i)  (U) Financial obligations for the support of immediate family members and other dependents;

(iii)(i) (U) Other obligations and expenses; and

(iv)(ii) (U) Plans and arrangements made for the applicant's support in the absence of a legal obligation toward the applicant.

(e)(d)     (U) To substantiate the information regarding income and resources, the sponsor should attach to the affidavit a copy of the latest Federal income tax return filed prior to the signing of the Form I-134, including all supporting schedules.  If you determine that the tax return and/or additional evidence in the file do not establish the sponsor's financial ability to carry out the commitment toward the immigrant for what might be an indefinite period of time, or there is a specific reason (other than the passage of time) to question the veracity of the income stated on the Form I-134 or the accompanying document(s), you should request additional evidence (i.e., statement from an employer showing the sponsor's salary and the length and permanency of employment, recent pay statements, or other financial data).

(f)   (U) If the sponsor has a well-established business and submits a rating from a recognized business rating organization, you do not need to insist on a copy of the sponsor's latest income tax return or other evidence.

(4)  (U) Surety Bonds:

(a)   (U) In cases where the applicant appears to be otherwise unable to meet the public charge requirements, the U.S. sponsor may wish to post an indemnity bond pursuant to INA 213.  Although the posting of a public charge bond does not, in itself, establish that an applicant is not likely to become a public charge, it might be sufficient, depending upon the circumstances in a particular case, to make possible a finding that the applicant overcomes INA 212(a)(4).  The bond should be used sparingly and only in borderline cases.  When an applicant appears likely on the facts to become a public charge (for example because of an acute physical condition and lack of adequate resources), the filing of a bond would not serve any purpose if the needs of the applicant would easily overcome the value of the bond.

(b)  (U) The specifics of such a bond and the means of posting one are:

(i)       (U) The U.S. sponsor would file the Form I-352, Immigration Bond, with the Department of Homeland Security.  Either a district director or, in some cases, a regional director, will then review the I-352;

(ii)      (U) If a family is proceeding as a unit to the United States, a bond may be required for more than one member of the family.  You should specify the name(s) of the person(s) for whom a bond is being

| Formatted: Indent: Left: 0.6", Right: 0.01", No bullets or numbering |
| --- |

~~requested.  If only the principal applicant is immigrating immediately, the number of remaining family members should not be taken into account until they are applying for visas;~~

~~(iii)   (U) A public charge bond is canceled when the alien dies, leaves the United States permanently, or is naturalized.  The Department of Homeland Security/U.S. Citizenship and Immigration Services (DHS/USCIS) may, however, cancel a bond at any time if the alien has not become and does not appear likely to become a public charge five years after the entry into the United States.  The bond will be reviewed for cancellation upon the filing of Form I-356, Request for Cancellation of a Public Charge Bond, if the alien has not become a public charge during those five years;~~

~~(iv)   (U) You should inform the alien, in these cases, that DHS/USCIS may require a larger bond to be posted at the time of application for admission; and~~

~~(v)   (U) The visa issued in such cases must carry a notation that the bond was required and the notification (or a certified copy thereof) from DHS that the bond had been posted must be attached to the visa.~~

~~h. (U) Employment Considerations and the I-864:~~

~~(1)~~c.  (U) Effect of Applicant's Own Employment in the United States:  ~~You may not consider an offer of employment to an applicant in place of a required Form I864 in cases where the I-864 is required.~~  You may consider the applicant's employment in determining whether the 125 percent minimum income requirement has been met in a visa case only if the beneficiary of Form I-864 has worked in the same job he or she will have after entry as an immigrant.  Under these circumstances, the ~~alien's~~applicant's income may be considered part of the sponsor's income.  If the above criteria are met, and any of the applicant's family members will be accompanying him or her to the United States, the principal applicant in such cases may provide Form I-~~864-A~~864A, Contract between Sponsor and Household Member, on their behalf to help reach the additional income level that will be required.

~~(2)   (U) Information Contained on Approved Labor Certification:  Only a small percentage of employment-based immigrants will require an I-864.  See 9 FAM 302.8-2(B)(2) paragraph b above.  The majorities of employment-based immigrants who do not require an I-864 have been offered prearranged employment and are immigrating based on that offer of employment.  They are therefore subject to the labor certification requirement under INA 212(a)(5) (see 22 CFR 40.51 and 9 FAM 302.1-5(B)).  You may assume, that in cases such as this, when a labor certification is granted, that the position is permanent and the prevailing wage has been met.~~

Formatted: Indent: Hanging:  0.25", Right:  0.01", Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 3 + Alignment: Left + Aligned at:  0.25" + Indent at:  0.25"

9 FAM 302.8-2(B)(4)  (U) Completion of Form I-864, Affidavit of Support under Section 213A of the Act

(CT:VISA-198;   09-30-2016)

a. (U) In General:  The purpose of Form I-864:

d. (U) Is to create(U) Purposes:  The purpose of Form I-864:

(1) (U) Creates a legally binding and enforceable contract between certain immigrant visa applicants, their the sponsor(s) and the U.S. Government;

(2) (U) It requires an (U) Requires the sponsor(s) to provide the applicant to have sponsorshipsupport necessary to maintain the applicant at an income that is at least 125 percent of the Federally determined poverty income guidelinesFederal Poverty Guidelines (or 100 percent if the petitioning sponsor is an active member of the U.S. Armed Forces, other than for training, and is sponsoring his or her spouse or child(ren)) to ensure that newly-arrived aliens will be able to subsist for an extended period at a level above the poverty level; and

(3) (U) The intention is to encourage immigrants to become and remain self-reliant, one of the oldest tenets of national immigration policy, and to provide the government with indemnification if they do not.

b.    9 FAM 302.8-2(C)(2)  (U) What is in the Affidavit of Support (AOS) Packet:

(CT:VISA-483;   01-03-2018)

(1)a. (U) The documents listed below, make up the affidavit of support packet and are designed to assist the sponsor's understanding and proper completion of the affidavitAffidavit of support (AOS)Support required by INA 213A:

(a)(1)    (U) Form I-864 or Form I-864-EZ864EZ;

(b)(2)    (U) Current Federal Poverty Guidelines Schedule, Form I-864-P864P;

(3)   (U) Form I-864-A864A, Contract Between Sponsor and HouseHousehold Member;

(d4)   (U) Form I-865, Sponsor's Notice of Change of Address; and (e

(c)(5)   (U) Checklist for preparing Form I-864.

(2)b. (U) The National Visa Center (NVC) will include the checklist and other documents in the Instruction Package for Immigrant Visa Applicants, indicating the supporting documents required with Form I-864 or Form I-864-EZ864EZ.  Posts may reproduce the checklist for local use and include it with Form I-864 or Form I-864-EZ that are distributed locally.  Posts should also, when possible, make it available through websites and information units.  Posts must maintain updated poverty guidelines and ensure that they are included with all AOSAffidavit of Support forms.  NVC and posts should also make sponsors aware of the facts that their income must meet the poverty guidelines at the time of AOSAffidavit of Support filing with NVC or with post.

**Formatted:** Indent: Hanging:  0.37", Right:  0.01", Numbered + Level: 2 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0.61" + Indent at:  0.61"

**Formatted:** Indent: Hanging:  0.25", Right:  0.01", Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.25" + Indent at:  0.25"

**Formatted:** Indent: Left:  0.25", Right:  0.01", Line spacing:  single,  No bullets or numbering

(3)c.     (U) This documentation, supported by items listed in paragraph (1) above, constitutes ~~the primary~~necessary (but not sole) evidence for establishing that the applicant is not inadmissible under INA 212(a)(4)(C) for those ~~categories specified in 9 FAM 302.8-2(B)(2) above~~applicants required to submit an Affidavit of Support, and establishes the sponsor's income and, if need be, assets.

~~(4)  (U) The validity of Form I-864 or Form I-864-EZ is indefinite from the time the sponsors and contributing household members have signed Form I-864, Form I864-EZ and Form I-864-A.  The AOS is based on the Federal Poverty Guidelines in effect at the time of its submission in support of an IV application.  Paragraph e below describes circumstances in which additional documentation and/or consideration of income on the basis of the current poverty guidelines may be necessary at post.  Newly issued poverty guidelines generally become effective for INA 213A affidavit purposes at the beginning of the second month after being published in the Federal Register (FR).  However, you must review the text of the FR notice to determine the exact date on which new poverty guidelines become effective.~~

(5)d. (U) A sponsor may use the Form I-~~864-EZ~~864EZ in place of Form I-864 if he or she meets all of the following requirements:

(a)(1)     (U) The sponsor is the visa petitioner (who filed the Form I-130, Petition for Alien Relative);

(b)(2)     (U) The ~~affidavit~~Affidavit of ~~support~~Support is filed on behalf of only one intending immigrant, who is the only person listed on the Form I-130;

(c)(3)     (U) The sponsor is seeking to qualify based solely on his or her income from salary or pension (not on the basis of any other income or assets) as shown on the most recent Federal income tax return that the sponsor filed prior to the time of signing the Form I-~~864-EZ~~864EZ; and

(4)  (U) All of the sponsor's income is shown on one or more IRS Form W-2, Wage and

(d)  Tax Statement to demonstrate employment income, and/or Form ~~IRS1099~~IRS-1099-MISC, Miscellaneous Income, to document pension income (except, in cases where the copy of the tax return is an IRS-generated transcript, a copy of the W-2 or ~~1099-MISC~~1099MISC is not necessary).  The Form I-~~864-EZ~~864EZ may not be

filed if the sponsor will be submitting a Form I-~~864-A~~864A, if a joint sponsor will be required, or if the sponsor is an "alternative sponsor" who is substituting for the original sponsor, who has died (see 9 FAM 302.2-8(C)(3) paragraph e below).

~~c.  (U) Defining Sponsor:~~

9 FAM 302.8-2(C)(3)  (U) Sponsors

(1)     (CT:VISA-483;   01-03-2018) a. (U) In General:

(a)(1)    (U) To qualify as a sponsor, an individual must be a ~~natural person~~human being (not a corporation or other business entity) who:

(i)    (U) Is a citizen, national, or lawful permanent resident (LPR) of the (a) United States (including conditional residents);

(ii)(b)    (U) Is at least 18 years of age;

(iii)(c)    (U) Filed the petition which forms the basis for the visa application (or has a ~~substantial~~significant ownership interest in the entity which filed the petition); and

(iv)(d)    (U) Is domiciled in any of the 50 States of the United States, the District of Columbia, or any territory or possession of the United States.  (~~See~~ 9 FAM 302.8-2(B)82(C)(5) below.)

~~(b)  (U) If the relative petitioner does not meet the qualifying criteria to be a sponsor (for example, by being under 18 years of age or not domiciled in the United States), the visa applicant must be found ineligible for a visa under INA 212(a)(4) until such circumstance no longer exists.~~

(c)(2)    (U) The "sponsor" for purposes of the ~~AOS~~Affidavit of Support is the petitioner; anyone else is either a joint or co-sponsor.  All references to requirements for the "sponsor" or "sponsors" would apply not only to the ~~petitioner~~petitioning sponsor, but also to any ~~co-sponsor~~cosponsor household members executing Form I-~~864-A~~864A and joint sponsors submitting a supplementary Form I-864.

b.  (U) Petitioner Must Submit Form I-864 or Form I-~~864-EZ:  If the I-864 is required, the petitioner must submit Form I-864 or (if eligible) Form I-864-EZ.  In other words, the petitioner must~~864EZ:  The petitioner must file the I-864 for all applicants contained in the petition.  ~~One~~

(1)  (U) An original or a copy of the I-864 ~~must~~should be ~~completed~~included for each ~~I-130 petition that was approved.  For multiple dependent applicants off of one I-130 petition, only one original I-864 is needed for the principal~~applicant ~~and the rest of the applicants may use photocopies of the I-864.~~included on the petition. In most cases, the petitioner must submit Form I-864 or Form ~~I-864-EZ~~I864EZ, Affidavit of Support under Section 213A of the Act. ~~This is true even if he or she cannot meet the requirements outlined in paragraph (1) above.  Such adverse circumstances would not necessarily mean that the applicant would be inadmissible under INA 212(a)(4), since a~~

(2)  (U) A joint sponsor may be used to overcome the Federal poverty level income requirements~~.~~ if the petitioner is unable to overcome the Federal poverty level.

(3)  (U) If a joint sponsor is used, the petitioner may not use Form I-864EZ and must use Form I-864 ~~EZ and must use Form I-864.  (See.~~  (9 FAM 302.8-2(B)(7C)(5) below.) ~~The petitioner must submit a Form I-864, even in the case of a following-to-join derivative beneficiary of the petition where the principal applicant has adjusted status in the United States.~~

Formatted: Indent: Hanging:  0.37", Right:  0.01", Numbered + Level: 2 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.97" + Indent at:  0.97"

Formatted: Indent: Hanging:  0.37", Right:  0.01", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0.61" + Indent at:  0.61"

(2)(4)    (U) There are, however, two exceptions to the requirement of the petitioner completing Form I-864.  (See paragraph d below for the exceptions.))

**Formatted:** Indent: Hanging:  0.37", Right:  0.01", Numbered + Level: 2 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0.61" + Indent at:  0.61"

(3)c.  (U) Petitioner May Limit Number of Applicants Sponsored:  A petitioner may limit sponsorship to just the principal applicant and any dependents that will be traveling to the United States at the same time.  By limiting the number of sponsored individuals, the petitioner will reduce the household size and thereby lower the income requirement.  The petitioner could file another affidavitAffidavit of support (AOS)Support on behalf of the other (following-to-join) dependents at a later date when the petitioner and the principal applicant have improved their financial situation. Alternatively, in cases that involve more than one visa applicant, a petitioner may sponsor one or more immigrants and choose to use a joint sponsor for the remainder of the applicants, so as to comply with the poverty guidelines.  Regardless, a Form I-864 would have to be executed by the petitioner for all applicants.  Only then could a joint sponsor be used if needed.

d. (U) Sponsor When The Petitioner Is A Business Entity:  When the petitioner is a business entity, a U.S. citizen or lawful permanent resident (LPR) relative (defined at 8 CFR 213a.1 as a husband, wife, father, mother, child, adult son or daughter, or sibling) who has a significant ownership interest in the petitioning entity, the petitioner must submit Form I-864.  The alternative sponsor must be the U.S. citizen or lawful permanent resident (LPR) relative who filed the petition or has a significant ownership interest in the petitioning entity and he or she must meet the other criteria outlined in 9 FAM 302.8-2(BC)(4) paragraph c.

e. (U) Substitute Sponsor When The Petitioner Has Died:

(1)  (U) INA 213A(f)(5)(B) now allows certain family members to become "substitute sponsors" if a visa petitioner dies following approval of the visa petition, but before the beneficiary obtains his or her permanent residence.  If the visa petition was approved prior to the death of the petitioner, the Secretary of Homeland Security (DHS), may, in its discretion, reinstate the petition for humanitarian reasons, (8 CFR 205.1(a)(3)(i)(C)), and determine that the original sponsor's petition should

(1)  not be revoked.  (See 9 FAM 504.2-8(C)(4).)  The substitute or alternative sponsor must be the spouse, parent, mother-in-law, father-in-law, sibling, child (at least 18 years of age), son, daughter, son-in-law, daughter-in-law, sister-in-law, brother-inlaw, grandparent, or grandchild of the sponsored alien, or the legal guardian of the sponsored alien.  The substitute or alternative sponsor must meet the other criteria outlined in paragraph ca above:..

**Formatted:** Indent: Left:  0.6", Right:  0.01",  No bullets or numbering

(2) (U) Eligibility of derivative applicants seeking to follow-to-join a principal applicant who has already acquired lawful permanent resident (LPR) status is dependent on the continuing LPR status of the principal, not on the status of the petitioner. Therefore, if the petitioner dies after the principal applicant has already become an LPR and one or more derivative applicants seek to follow to join the principal applicant, the derivatives retain eligibility to follow-to-join

despite the death of the petitioner, and there is no need for reinstatement of the petition.  In such circumstances, the derivative applicant seeking to follow-to-join is inadmissible unless a substitute or alternative sponsor, as described in the paragraph above, executes a Form I-864 with respect to the derivative applicant.  The substitute or alternative sponsor may not file a Form I-864 EZ864EZ.

f.    9 FAM 302.2-8(C)(4)  (U) Required Supporting Evidence Must Be Submitted With Form I-864:

(CT:VISA-483;   01-03-2018)

a. (U)  In General:

   (1)  (U) Use of the Term Sponsor:  The "sponsor" is the petitioner; anyone else is a joint or co-sponsor.  All references to requirements for the "sponsor" or "sponsors" would apply not only to the petitioner sponsor, but also to any co-sponsor household members executing Form I-864 A864A and joint sponsors submitting a supplementary Form I-864.  The sponsor(s) must provide the following documentation to satisfactorily complete Form I-864:

   (2)  (U) What is Income?  Income, for the purpose of Form I-864, means the total unadjusted income as shown on the tax return, before deductions.  Total unadjusted income includes not only salary (if any) but also monetary gains from any other source, such as rent, interest, dividends, etc.

     (a)  (U) Sponsor's Federal income tax returns for the most recent tax year:

b. (U) Required Documentation: The sponsor(s) must provide the following documentation to satisfactorily complete Form I-864:

   (a)  (U) Federal Income Tax Return:

      (i)   (U) Each sponsor must submit with Form I-864 a photocopy or Internal Revenue Service (IRS)-generated transcript of the most recent income tax return that the sponsor had filed prior to the time of the AOSAffidavit of Support signing.  A person may obtain a free IRS-generated transcript by filing IRS Form 4506-T (Form IRS-4506-T), Request for Transcript of Tax Return.  Ordinarily, the sponsor's signature on Form I-864 is sufficient to qualify the photocopy or transcript as a "certified" copy.  In those cases where you question the authenticity of the submitted tax return or transcript, you may require the sponsor to submit an IRS-certified copy of the tax return.

      (ii)   (U) A person obtains an IRS-certified copy by submitting form IRS-4506, Request for Copy of Tax Return, and paying the requisite filing fee.  In such cases, you should generally require that the sponsor have the IRScertified copy sent directly to post by the IRS.  The sponsor should ask the IRS to include the applicant's name and case number on the form so

**Formatted:** Indent: Hanging: 0.37", Right: 0.01", Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.61" + Indent at: 0.61"

**Formatted:** Indent: Left: 0.98", Hanging: 0.49", Right: 0.01", Numbered + Level: 2 + Numbering Style: i, ii, iii, … + Start at: 1 + Alignment: Left + Aligned at: 1.47" + Indent at: 1.47"

(ii)    that it can be readily attached to the correct file upon receipt at post. You may not require IRS-certified copies of tax returns of all sponsors prior to review of the submitted tax return.  IRS-certified copies may only be required on a case-by-case basis when you question the validity of the submitted tax return.

(iii)   (U) Failure to file a required income tax return does not excuse the sponsor from the requirement for of providing tax returns as supporting documents.  If a tax return should have been filed, the affidavit Affidavit of Support will not be considered sufficient until the sponsor has done so and supplied the appropriate copies for consideration with Form I-864.  If the sponsor did not file a tax return, the sponsor must prove that he or she was not required to file because the sponsor's income was below the IRS earning threshold, however, the sponsor must still submit a W-2. If the income requirement cannot be met, based on the income reported in the tax return, but the sponsor claims to have under-reported his or her income, an amended on the tax return will be necessary.

(iii)   , you        (U) NOTE:  You do not have the authority to require an individual to pay taxes or correctly report income.  You may, however, advise applicants or sponsors that an original or amended tax return will be required in order to process the immigrant visa (IV) application to conclusion.

(U) NOTE:  You do not have the authority to require an individual to pay taxes or correctly report income.  (iv)   (U) If a photocopy of a tax return provided by the sponsor lists income that should have been reflected in a Form W-2, Wage and Tax Statement, or Form IRS-1099-MISC, Miscellaneous Income, but such form was not submitted to post with the tax return and Form I-864, you should consider the record, taken as a whole, and determine whether it establishes that information on the tax return is true and correct.  If you conclude that the information is true and correct, it is not necessary to require a copy of the Form W-2   or Form IRS-1099-MISC.  Further, in cases where the copy of the tax return is an IRS-generated transcript, it is not necessary to require a copy of the Form W-2   or Form IRS-1099MISC.

(iv)   (U) If the sponsor is claiming to meet the poverty guidelines based on money earned at work (salary) and submitted an original tax transcript, the sponsor will only need to submit a Form W-2 if his or her status is "married filing jointly."  If the sponsor submitted a copy of a tax return (Form-1040) – not a transcript – then the sponsor, regardless of filing status, will need to include a W-2.

**Formatted:** Indent: Left:  1.47", Right:  0.01",  No bullets or numbering

**Formatted:** Indent: Left:  0.98", Hanging:  0.49", Right: 0.01", Numbered + Level: 2 + Numbering Style: i, ii, iii, … + Start at: 1 + Alignment: Left + Aligned at:  1.47" + Indent at:  1.47"

(b)    (U) ~~Tax returns of other household members~~Household Member Tax Returns:  If the sponsor is relying on income from any household member or dependents (as defined at 9 FAM 302.8-2~~(B)(6~~C) (4) below) to reach the minimum income requirement, an IRS transcript or a copy of each such individual's most recent tax return is also required, and each such person must complete a Form I-864-A~~; (c)   .  (U) Employment evidence:~~

(3)  (U) Employment evidence:~~(i)~~

(U) Except as provided in ~~paragraphs (iii) and (iv~~paragraph(5), below, if the information on the Affidavit of Support ~~(AOS)~~ and tax return establish that the sponsor's current income meets or exceeds the poverty guidelines for the year the sponsor submitted Form I-864 in support of

(a)    the Immigrant Visa (IV) application, either by submitting to NVC directly or to post at the time of application, you ~~must determine that Form I-~~may determine that Form I-864 is sufficient without requesting any further evidence of the sponsor's income.  (9 FAM 302.8-2(C)(12), Poverty Income Guidelines.)

~~(U) You should request additional evidence (i.e., 864 is sufficient without requesting any further evidence.  (See 9 FAM 302.8-2(B)(17), Poverty Income Guidelines.)~~

(b)  employment letter, recent pay statements, or other financial data) if there is a specific reason to question the veracity of the income stated on Form I-864 or the accompanying document(s).

~~(ii)~~(c)    (U) If the ~~AOS~~Affidavit of Support or tax return reflects income below the ~~poverty guidelines~~Federal Poverty Guidelines for the year Form I-864 was submitted, you should request additional evidence of:

(i)    ~~.~~(U) Current employment or self-employment; and

(ii)    ~~.~~(U) Recent pay statements, a letter from the employer on business letterhead ~~-~~ showing dates of employment, wages paid, and type of work performed - or other financial data.

~~.~~    Note:  (U) If the sponsor with income below the ~~poverty guidelines~~Federal Poverty Guidelines is unemployed or retired, you should request evidence of ongoing income from other means, such as retirement benefits, other household members' income, or other significant assets.

(d)  (U) Tax-free income (such as a housing allowance for clergy or military personnel) and other tangible benefits in lieu of salary are considered income.  ~~(U) You should request additional evidence (i.e.,~~The sponsor bears the burden of proving the nature and amount of income.

~~(iii)   employment letter, recent pay statements, or other financial data) only if there is a specific reason (other than the passage of time) to question~~

Formatted: Indent: Left:  0.98", Right:  0.01"

Formatted: Indent: Hanging:  0.37", Right:  0.01", Numbered + Level: 2 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.97" + Indent at:  0.97"

Formatted: Indent: Hanging:  0.37", Right:  0.01", Numbered + Level: 2 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.97" + Indent at:  0.97"

Formatted: Font: Verdana, 12 pt

the veracity of the income stated on Form I-864 or the accompanying document(s).

(iv)    (U) If you determine either that the tax return and/or additional evidence in the file do not establish that the sponsor meets the poverty guidelines in effect at the time Form I-864 was filed, or that the facts of the case, as supported by evidence in the record, provide a specific reason other than the passage of time for questioning whether the sponsor's income information is accurate or still meets the guidelines, you should request current year income information.  In this situation, the sufficiency of Form I-864 is determined based upon the additional evidence as it relates to the applicable poverty guidelines for the current year, rather than the poverty guidelines for the calendar year in which the sponsor signed Form I-864.

(4)  (d)   (U) Evidence of Sponsorship Eligibility  to Sponsor: Evidence to establish eligibility as a sponsor, including citizenship or lawful permanent resident (LPR) status, age, and domicile (as defined in paragraph c above).

(2)(a)    (U) Tax-free income (such as a housing allowance for clergy or military personnel) and other tangible benefits in lieu of salary are considered income.  The sponsor bears the burden of proving the nature and amount of income.

(3)  (U) Assembling the documents is the sponsor's responsibility.  If the I-864 and supporting documents are incomplete or poorly assembled, the post must refuse the applicant under INA 221(g) and return the entire package to the applicant with a copy of the checklist.  However, you should no longer refuse applicants under INA 221(g) just for failing to provide the three most recent federal tax returns.

(4)e.   (U) For more information on what is required on the I-864, you may refer to the instructions which accompany the Form I-864 itself.

g.(5)    (U) Additional Assets Evidence:

(1)(a)    (U) The Form I-864 does not require sponsors to submit evidence of assets, if income alone is sufficient to meet the minimum Federal poverty guidelinesPoverty Guidelines income requirement described in paragraph a(2) above.  The mere fact that the petitioner and/or sponsor have met the minimum requirement, however, does not preclude a finding of inadmissibility under INA 212(a)(4).  You may request evidence of assets and liabilities, if such information is necessary to determine the applicant's eligibility.  If a sponsor or joint sponsor uses assets to prove the ability to support the sponsored immigrant, he or she may not use the Form I-864-EZ864EZ.

(2)(b)    (U) The sponsor or joint sponsor may include his or her assets (and offsetting liabilities), and/or the assets of any household members signing

Form I-864 A864A, as income to make up any shortfall toward meeting the Federal poverty guidelines.Poverty Guidelines.  The assets (bank accounts, stock, other personal property, and real estate) must be available in the United States for the applicant's support and must be readily convertible to cash within one year.  In most cases, the sponsor must present evidence as described in 9 FAM 302.8-2(B)(3C)(10) paragraph g(2c(3), establishing location, ownership and value of each asset listed, including liens and liabilities for each asset listed.  The combined cash value of all the assets (i.e., the total value of the assets less any offsetting liabilities) must total at least five times the difference between the total household income and the minimum Federal poverty income requirement.

(3)(c)      (U) Sponsors of immediate relative spouses and children of U.S. citizens, however, must only show combined cash value of assets in the amount of three times the difference between the poverty guideline and actual household income.  In addition, sponsors of alien orphans or Hague Convention adoptees who require re-adoption in the United States (e.g., aliens with IR-4 and IH-4 visa classifications) and who will not acquire citizenship afterimmediately upon admission to the United States need only prove a combined cash value of assets in the amount of the difference between the poverty guideline and actual household income.

(d)  (U) If assets of the sponsored applicant are being used in such a fashion, the sponsored applicant is not required to submit Form I-864-A, but must show the same kinds of evidence as described in and show that the assets can be converted into cash within one year.

c.  (U) Proper Assembly of Documents:  Assembling the documents is the sponsor's responsibility.  If the I-864 and supporting documents are incomplete or poorly assembled, the post must refuse the applicant under INA 221(g) and return the entire package to the applicant with a copy of the checklist.  However, the applicant is no longer required to submit the three most recent federal tax returns, therefore, this is not a valid basis to refuse applicants under 221(g).

d.  (U) For more information on what is required on the I-864, you may refer to the instructions which accompany the Form I-864 itself.

(4)  (U) Sponsors of alien orphans who will acquire citizenship after admission to the United States based upon either adoption in the United States subsequent to admission, or a need to obtain formal recognition of a foreign adoption under the law of the State of proposed residence because at least one of parents did not see the child before or during the foreign adoption, need only prove a combined cash value of assets in the amount of the difference between the poverty guidelines and actual household income.

(5)(a)      (U) If assets of the sponsored applicant are being used in such a fashion, the sponsored applicant is not required to submit Form I-864-A, but

038

~~must show the same kinds of evidence as described in and show that the assets can be converted into cash within one year.~~

~~h.~~~~(1)~~ ~~(U) Defining Income:  Income, for the purpose of Form I-864, means the total unadjusted income as shown on the tax return, before deductions.  Total unadjusted income includes not only salary (if any) but also monetary gains from any other source, such as rent, interest, dividends, etc.~~

### 9 FAM 302.8-2(~~B~~C)(5)  (U) Domicile

(CT:VISA-~~198;   09-30-2016~~)

~~a. (U) Definition:~~ -483;   01-03-2018)

~~(1)~~ (U) In General:  For the purposes of INA 213A, ~~"domicile" means:~~

~~(a)~~a.  (U) ~~The~~the sponsor must be domiciled in any of the several States of the United States, the District of Columbia, or any territory or possession of the United States (for these purposes, "in the United States"). "Domicile" means: the place where a sponsor has his or her principal "residence" ~~(as defined in INA 101(a)(33)) in the United States,~~ with the intention to maintain that residence for the foreseeable future. ~~Domicile is further defined as the sponsor's actual, principal dwelling place.  See 8 CFR 213a.1.~~

~~(b)~~     Note: (U) A ~~legal~~lawful permanent resident alien (LPR) living abroad temporarily is considered to have a domicile in the United States~~,~~ if he or she has applied for and obtained the preservation of residence benefit under INA 316(b) or INA 317.

~~(c)~~    Note: (U) A U.S. citizen living abroad whose employment meets the requirements of INA 319(b)(1) is considered to ~~be domiciled~~have a domicile in the United States.

b. (U) Establishing Domicile in the United States:

(1)  (U) A petitioner who is unable to demonstrate that he or she is domiciled in the United States who wishes to qualify as a sponsor must demonstrate that:

(a)  (U) he or she has either already taken up physical residence in the United States; or

(b)  (U) he or she has taken concrete steps to establish a domicile in the United States and will do so concurrently with the applicant no later than the date of the intending immigrant's admission or adjustment of status.

    Note: (U) The sponsor does not have to precede the applicant to the United States but, if he or she does not do so, he or she must at least arrive in the United States concurrently with the applicant.  The sponsor must have established a domicile in the United States when the principal intending immigrant seeks admission on the immigrant visa.

(2)  (U) Evidence that the sponsor has established a domicile in the United States and is either physically residing there or intends to do so before or concurrently with the applicant may include the following:

(a)  (U) Opening a bank account;

---

*Formatted:* Heading 3, Right:  0"

*Formatted:* Heading 4, Indent: First line:  0", Line spacing:  single

*Formatted:* Indent: Hanging:  0.26", Right:  0.01", Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.26" + Indent at:  0.26"

*Formatted:* Indent: Hanging:  0.37", Right:  0.01", Numbered + Level: 2 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0.61" + Indent at:  0.61"

(b)  (U) Transferring funds to the United States;

(c)  (U) Making investments in the United States;

(d)  (U) Seeking employment in the United States;

(e)  (U) Registering children in U.S. schools; (f)  (U) Applying for a Social Security number; and (g)  (U) Voting in local, State, or Federal elections.

(3)  (U) U.S. Domicile for Employment-Based Preference Applicants: Employment-based beneficiaries whose petitioners are U.S. citizen or permanent resident alien relatives or entities in which such a relative has a significant ownership interest are required to submit a Form I-864.  However, DHS/USCIS has determined that Congress did not intend to impose this requirement on a petitioning relative, or a relative with a significant ownership interest in a business enterprise who is not a U.S. citizen or a lawful permanent resident (LPR) and is not domiciled in the United States.  In these cases only, the lack of Form I-864 will not be an impediment to admissibility.

(4)  (U) Employment Abroad Meeting Requirements of INA 319(b)(1):  A U.S. citizen who is living abroad temporarily is considered to be domiciled in the United States if the citizen's employment meets the requirements of INA 319(b)(1). That section requires, for qualifying "employment abroad," that the citizen be in the employ of:

(a)  (U) The U.S. Government;

(b)  (U) A U.S. institution of research recognized as such by the Secretary of Homeland Security (DHS) (see 8 CFR 316.20 for the list of institutions);

(c)  (U) A U.S. firm or corporation engaged in whole or in part in the development of foreign trade and commerce with the United States or a subsidiary thereof;

(d)  (U) A public international organization in which the United States participates by treaty or statute;

(e)  (U) A religious denomination having a bona fide organization in the United States, if the individual concerned is authorized to perform the ministerial or priestly functions thereof; and

(f)  (U) A religious denomination or an interdenominational mission organization having a bona fide organization in the United States, if the person concerned is engaged solely as a missionary.

(2)c.  (U) Maintaining U.S. Domicile:

(a)(1)   (U) Unless the petitioner meets the conditions outlined in paragraph (32) below, a petitioner who is maintaining a principal residence outside the United States could not normally claim a U.S. domicile and would be ineligible to submit Form I-864.  In order to provide an AOSAffidavit of Support for his or her

relative, such a petitioner would have to reestablish a domicile in the United States.  (See paragraph ~~(4) below.)~~b above..)

~~(b)~~(2)    (U) However, in a situation in which the petitioner has maintained both a U.S. residence and a residence abroad, you must determine which the principal abode is.  Some petitioners have remained abroad for extended periods but still maintain a principal residence in the United States (i.e., students, contract workers, and non-governmental organization (NGO) volunteers).  To establish that one is also maintaining a domicile in the United States, the petitioner must satisfy you that he or she:

~~(i)~~(a)      (U) Departed the United States for a limited, and not indefinite, period of time;

~~(ii)~~(b)      (U) Intended to maintain a U.S. domicile at the time of departure; and

~~(iii)~~(c)      (U) Can present convincing evidence of continued ties to the United States.

~~(3)~~  (U) ~~Establishing U.S.~~Failure of Establish Domicile:

~~(a)   (U) A petitioner living abroad not meeting the criteria in 9 FAM 302.8-2(B)(5) paragraph a(2) who wishes to qualify as a sponsor must satisfy you:~~

~~(i)    (U) That he or she has taken steps to establish a domicile in the United States;~~

~~(ii)    (U) That he or she has either already taken up physical residence in the United States or will do so concurrently with the applicant;~~

~~(iii)    (U) The sponsor does not have to precede the applicant to the United States but, if he or she does not do so, he or she must at least arrive in the United States concurrently with the applicant;~~

~~(iv)    (U) The sponsor must establish an address (a house, an apartment, or arrangements for accommodations with family or friend) and either must have already taken up physical residence in the United States; or~~

~~(v)    (U) Must at a minimum to satisfy you that he or she intends to take up residence there no later than the time of the applicant's immigration to the United States.~~

~~(b)(1)    (U) Although there is no time frame for the resident to establish residence, you must be satisfied that the sponsor has, in fact, taken up principal residence in the United States.   Evidence that the sponsor has established a domicile in the United States and is either physically residing there or intends to do so before or concurrently with the applicant may include the following:~~

~~(i)(a)      (U) Opening a bank account;~~

~~(ii)(a)      (U) Transferring funds to the United States;~~

~~(iii)(a)      (U) Making investments in the United States;~~

~~(iv)(a)      (U) Seeking employment in the United States;~~

**Formatted:** Indent: Hanging:  0.37", Right:  0.01", Numbered + Level: 2 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0.61" + Indent at:  0.61"

(v)   (U) Registering children in U.S. schools; (vi)   (U) Applying for a Social Security number; and (vii)   (U) Voting in local, State, or Federal elections.

d.   (c)   (U) If a petitioner cannot satisfy the domicile requirement under paragraph b above, the petitioner fails to qualify as a "sponsor" for the purposes of submitting Form I-864, and a joint sponsor cannot be accepted and the applicant must be refused pursuant to INA 212(a)(4).   Without a properly executed I-864, signed by a sponsor (the petitioner) who is "domiciled" in the United States, in visa cases which require an I-864, then an immigrant visa cannot be approved.

(4)   (U) U.S. Domicile for Employment-Based Preference Applicants:   Employment-based beneficiaries who are petitioned for by U.S. citizen or permanent resident alien relatives or by entities in which such a relative has a significant ownership interest are required to submit a Form I-864.   However, the DHS/USCIS has determined that Congress did not intend to impose this requirement on a petitioning relative, or a relative with a substantial interest in a business enterprise who is not a U.S. citizen or a lawful permanent resident (LPR) and is not domiciled in the United States.   In these cases only, the lack of Form I-864 will not be an impediment to admissibility.   We concur with this finding; therefore, in these cases, lack of a Form I-864 would not be an impediment to visa issuance.

b. (U) Employment Abroad Meeting Requirements of INA 319(b)(1) :

(1)   (U) A U.S. citizen who is living abroad temporarily is considered to be domiciled in the United States if the citizen's employment meets the requirements of INA 319(b)(1).   That section requires, for qualifying "employment abroad," that the citizen be in the employ of:

(a)   (U) The U.S. Government;

(b)(a)      (U) A U.S. institution of research recognized as such by the Secretary of Homeland Security (DHS) (see 8 CFR 316.20 for the list of institutions);

(c)(a)      (U) A U.S. firm or corporation engaged in whole or in part in the development of foreign trade and commerce with the United States or a subsidiary thereof;

(d)(a)      (U) A public international organization in which the United States participates by treaty or statute;

(e)(a)      (U) A religious denomination having a bona fide organization in the United States, if the individual concerned is authorized to perform the ministerial or priestly functions thereof; and

(f)(a)      (U) A religious denomination or an interdenominational mission organization having a bona fide organization in the United States, if the person concerned is engaged solely as a missionary.

**Formatted:** Indent: Hanging:  0.26", Right:  0.01", Space After:  19.5 pt, Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.26" + Indent at:  0.26"

**Formatted:** Indent: Hanging:  0.37", Right:  0.01", Numbered + Level: 2 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0.61" + Indent at:  0.61"

**Formatted:** No underline, Underline color: Auto, Font color: Black

**Formatted:** Right:  0.01"

**Formatted:** Indent: Left:  0.98", Right:  0.01", Numbered + Level: 3 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.98" + Indent at:  0.98"

~~(2)  (U) See INA 316 and INA 317 regarding continuous residence requirements for LPRs.~~

## 9 FAM 302.8-2(~~B~~C)(6)   (U) Household Member

(CT:VISA-~~198;   09-30-2016~~483;   01-03-2018)

a.  (U) Definition:  Household members for determining the applicable Federal poverty line levels and all other associated purposes include:

   (1)  (U) The sponsor; ~~(see 9 FAM 302.8-2(B)(4) paragraph c);~~

   (2)  (U) The sponsor's spouse~~;~~ and the sponsor's children by birth, marriage, or adoption living in the sponsor's residence;

   (3)  (U) Any other dependents of the sponsor (if identified as such on the sponsor's Federal income tax return for the most recent year, regardless of whether they are related to the sponsor or have the same principal address as the sponsor);

   (4)  (U) Any immigrants previously sponsored using Form I-864, if the obligation has not terminated;

   (5)  (U) Family members of the sponsor immigrating at the same time or within six months of the principal immigrant listed in the chart in Part 3 of Form I-864; and

   (6)  (U) The sponsor's nondependent siblings, parents, or adult children who reside in the sponsor's household who are not dependents, if they complete a Form I-864-A.

b.  (U) Use of Form I-~~864 A~~864A, Contract Between Sponsor and Household Member:

   (1)  (U) If a sponsor's individual income meets or exceeds the required level of the Poverty Guidelines, no other evidence is necessary.  In cases in which the sponsor's individual income is insufficient, however, a Form I-~~864 A~~864A, Contract between Sponsor and Household Member~~, must~~ can be submitted by any household member ~~who is willing~~in order for his or her income to be used by the sponsor to meet the guidelines.  A separate Form I-864A must be used for each household member whose income and and/or assets are being used by a sponsor to qualify.  Each Form I-864A is completed and signed by two individuals: a sponsor who is completing Form I-864 and a household member who is promising to make his or her income and/or assets available to the sponsor to help support the sponsored immigrant(s).  The primary sponsor must include the names of these individuals and their contributions on his or her Form I-864.

   (2)  (U) Under Form I-~~864 A~~864A, the household member agrees to provide as much financial assistance as may be necessary to enable the sponsor to maintain the sponsored immigrant(s) at the required annual income level.  The household member will be legally liable for any reimbursement obligations that the sponsor may incur.

c.  (U) Applicant's Use of Form I-~~864 A~~864A:



**Formatted:** Heading 3, Right:  0"

**Formatted:** Heading 4

**Formatted:** Indent: Hanging:  0.26", Right:  0.01", Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.26" + Indent at:  0.26"

(1) (U) If the sponsored immigrant has accompanying family members and the sponsor seeks to rely on the sponsored immigrant's continuing income in the United States to establish the sponsor's ability to support the accompanying family members, the sponsored immigrant must sign Form I-864-A.  Income shown in a sponsored immigrant's Form I-~~864-A~~864A cannot be based on an offer of employment that has not yet been effected.  (~~See~~ 9 FAM 302.8-2(B)(~~32~~) paragraph ~~g. above.)~~f(2).)

(2) (U) If the sponsored immigrant does not have accompanying family members, he or she cannot submit Form I-~~864-A~~864A.  His or her income may be counted in the household income, however, if he or she will continue to work in the same job after he or she immigrates to the United States.  You may request evidence of the applicant's income such as pay statements and tax returns, if he or she was required to file them, and should request a letter from the employer certifying that the employment will continue after the applicant's immigration to the United States.

## 9 FAM 302.8-2(~~BC~~)(7)  (U) ~~Defining~~ Joint Sponsor

(CT:VISA-~~198;   09-30-2016~~483;   01-03-2018)

a. (U) In General: A "joint sponsor" is one who is not the petitioner for the sponsored immigrant but who otherwise meets the citizenship, residence, age, and household income requirements, as set forth in 9 FAM 302.8-2(~~B)(4) paragraph c,~~8(C)(3), and has executed a separate Form I-864, on behalf of the intending immigrant.  ~~The joint sponsor differs from a "household member" in that the joint sponsor can be a friend or a non-relative who does not reside in and is not necessarily financially connected with the sponsor's household. If a petitioner or sponsor meets the minimum income requirements, no joint sponsor may submit Form I-864 unless you or the immigration officer specifically requires it.~~

b.  (U) Unique from Household Member: The joint sponsor is not required to be a household member.  The joint sponsor can be a friend or third party who is not necessarily financially connected with the sponsor's household.

c.  (U) When is a Joint Sponsor Needed:

(1)  (U) If the petitioner or substitute sponsor cannot demonstrate ability to maintain a household income of at least 125% (or 100% when applicable) of the Federal Poverty Guidelines, the intending immigrant may meet the Affidavit of Support requirement by obtaining a joint sponsor who is willing to accept joint and several liability with the petitioning sponsor as to provide support to the sponsored alien during the period that the affidavit is enforceable;

(2)  (U) If a joint sponsor submits an Affidavit of Support, remember that the petitioner (the principal sponsor) still must submit an Affidavit of Support, regardless of whether the sponsor had no income, or did not make enough income to be required to file income tax returns;

**Formatted:** Heading 3, Right:  0"

**Formatted:** Heading 4

**Formatted:** Indent: Hanging:  0.26", Right:  0.01", Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.26" + Indent at:  0.26"

(3)  (U) The joint sponsor must demonstrate income or assets that independently meet the requirements to support the sponsored immigrant(s).  It is not sufficient for the combination of incomes of the primary sponsor, sponsored immigrant, and joint sponsor to meet the threshold; and

b. ~~Two~~(U) Multiple Joint Sponsors: (U) 8 CFR 213a.2(c) allows but does not require two joint sponsors ~~can be used~~ per family member intending to immigrate based upon the same family petition.  No individual may have more than one joint sponsor, but it is not necessary for all family members to have the same joint sponsor.  If two joint sponsors are used, each joint sponsor is responsible only for the intending immigrant(s) listed on the joint sponsor's Form I-864.

c. ~~(U)~~(U) Joint Sponsor Liability:  A joint sponsor is jointly and severally liable with petitioning sponsor and any household members who have signed a Form I-864-A. He or she must individually meet the minimum income requirements as set forth above.  ~~Anyone outside the petitioner's household may be considered a joint sponsor. Joint sponsors may include the income and assets of members of their own household and dependents to meet the income requirement.

d. (U)  Death of Sponsor:  In the event a sponsor has died before all family members have followed to join the principal, a new joint sponsor is permitted to execute a Form I-864. ~~In such a case, there is no requirement that you must request a joint sponsor.~~ The new sponsor may submit a Form I-864, regardless of the status of the deceased petitioner's estate.

## 9 FAM 302.8-2(~~B~~C)(8)  (U) Legal Obligations of Sponsors

(CT:VISA-~~254;   11-29-2016~~483;   01-03-2018) a.

(U) In General:

(1)  (U) The execution of Form I-864 creates a legally-binding contract between the sponsor(s) (including any household members who have executed Form I-~~864-A~~864A, and any joint sponsor), and any Federal, State, local, or private entities that provide means-tested benefits (SSI, TANF, etc.) throughout the duration of the contract. By executing Form I-864, the sponsor agrees to:

(a)  (U) Provide financial support necessary to maintain the sponsored immigrant at an income that is at least 125 percent of the Federal poverty guidelines for the indicated ~~family~~household size (~~see~~ 9 FAM 302.8-2(~~B)(17)~~;C)(12); and

(b)  (U) Reimburse any agencies that provide means-tested benefits to a sponsored alien.

(2)  (U) In most cases, an alien is not eligible to receive any Federal benefits during his or her first five years in the United States.  Although the alien may obtain public benefits thereafter, disbursing entities may seek reimbursement from the alien's sponsor for certain means-tested benefits received by the alien, for the duration of the validity of the affidavit of support.  In the event that petitioner's

045

Form I-864 does not meet the minimum Federal poverty guideline amount and a joint sponsor is necessary, the petitioner is still responsible for any amount of income or assets included in his or her Form I-864.

b.  (U) Duration of Obligation ~~Under~~under Form I-864, Affidavit ~~Of~~of Support Under Section ~~213a~~213A of the Act:

~~b.~~(1)    (U) In General: Sponsors, joint sponsors, and household members (who have executed Form I-864 or Form I-~~864-A~~864A, (Contract Between Sponsor and Household Member) are bound by the contract terms until the applicant:

~~(1)~~(a)    (U) Is naturalized;

~~(2)~~(b)    (U) Has worked, or can be credited with, 40 qualifying quarters of work; ~~(3)  (U) Leaves the United States permanently; or~~

~~(4)  (U) Dies.~~

(c)    (U) Loses or abandons lawful permanent resident status and departs the United States permanently; or (d)  (U) Dies.

~~c.~~(2)    (U) Death of Sponsor:  In the event that a sponsor dies, the sponsor's estate remains liable for the duration of the contract.  If the sponsor dies after the principal applicant has immigrated, but before the qualified family members who are following to join have immigrated, the applicants must get another sponsor, although no new petition need be filed.  If the principal applicant can meet the requirements to be a sponsor, he or she may submit Form I-864 for his or her family members.

c.  ~~9 FAM 302.8-2(B)(9)~~ (U) Liability for Means-Tested Benefits:

~~(CT:VISA-198;   09-30-2016)~~

~~a.~~(1)    (U) During the life of the contract, a sponsor is liable for "means-tested benefits" received by the sponsored applicant.  Federal, State, and local agencies will define which benefits are "means-tested" and whether they wish to seek reimbursement.

~~b.~~(2)    (U) The agency supplying the means-tested benefit must have designated the program as such prior to the sponsor's submission of Form I-864 for expenses relating to that benefit to be reclaimable from the sponsor.  Moreover, the agency must request reimbursement.  In the absence of such a request, the sponsor is not liable.

~~c.  (U) It must be noted, moreover, that the participation of an applicant or sponsor in a supplemental program is not to be considered in a "public charge" determination. Only those programs that are paid in cash and are the primary source of the alien's income should be part of the totality of the circumstances for that alien.~~

~~d.~~(3)    (U) As the Department has no role with respect to designating means-tested benefits or with reimbursement, any question regarding whether a benefit should be considered a means-tested benefit is outside the scope of your inquiry into an applicant's eligibility for a visa.

046

**9 FAM 302.8-2**(B)(10)  (U) Public Charge Considerations in Nonimmigrant Cases (CT:VISA 198;   09-30-2016)

a.  (U) Nonimmigrants and INA 212(a)(4):

(1)  (U) All nonimmigrants, except those mentioned in C)(9 FAM 302.8-2(B)(18) below, must overcome the public charge presumption.

**Formatted:** No underline, Underline color: Auto, Font color: Black

(2)  (U) Additionally, since INA 212(a)(4) can be overcome by a non-immigrant or immigrant visa applicant at any time, if an applicant cannot overcome INA 214(b), you should not expend resources on pursuing a possible INA 212(a)(4) ineligibility.

(3)  (U) In determining admissibility under INA 212(a)(4), you must be aware of the differences in the requirements imposed on a would-be immigrant as opposed to a nonimmigrant applicant.  The amount and type of evidence generally required in an immigrant visa case is much greater than that which is required in a nonimmigrant visa case.  Evidence that establishes the applicant is entitled to a nonimmigrant classification is generally sufficient to meet the requirements of INA 212(a)(4), absent evidence that gives you reason to believe that a public charge concern exists.

b.  (U) Additional Evidence of Support in Nonimmigrant Visa Cases:

(1)  (U) Your extensive inquiry into the question of the possible public charge inadmissibility of a nonimmigrant visa (NIV) applicant should be rare if the alien is otherwise qualified for the visa category for which the alien has applied.  Ordinarily, a nonimmigrant would be required to provide evidence on the question of public charge only when there are clear indications, based on the usual evidence required to support the application, that the alien does not have sufficient resources to sustain assistance.

(2)  (U) However, if the evidence of nonimmigrant status submitted does not indicate adequate provision for the applicant's support while in the United States and for the return abroad, you may request specific financial evidence.  Such evidence may take the form of a letter of invitation, Form I-134, from a sponsor that clearly indicates the sponsor's willingness to act in such capacity and the extent of financial responsibility undertaken for the applicant, or a public charge bond (see paragraph g below).

(3)  (U) Unless you are satisfied that the sponsor's financial position is sound, the affidavit of support (AOS) should contain evidence of the sponsor's ability to carry out the commitment.  Such AOS's for NIV are not legally binding contracts, and it is at your discretion to determine if such evidence would assist a nonimmigrant alien in overcoming a finding of inadmissibility because of the likelihood of becoming a public charge after entering the United States.  If the applicant is proceeding to the United States for a brief visit, the presentation of evidence of the sponsor's financial condition may not be necessary.

c.   (U) Unwarranted Requirements:  Under U.S. law, no individual can make binding assertions about another person's possible future actions.  If you determine that a Form I-134 is necessary, the sponsor (meaning the individual who has completed the Form I-134) is not required to declare that the applicant will neither seek nor accept employment in the United States nor apply for permanent residence.  Under certain circumstances, nonimmigrants are permitted to work or, if not permitted to work at the time of admission, they may be permitted to work after their nonimmigrant classification has been changed under INA 248.  Moreover, a nonimmigrant in the United States is entitled to apply for adjustment of status under INA 245 if eligible therefore.

d. (U) Alien's Government Requiring Evidence of Support:  Some foreign governments require their nationals to present evidence of support from a U.S. sponsor prior to the issuance of a passport or exit permit.  Such documentation is usually required in the form of an AOS guaranteeing that, while in the United States, the alien will not become a burden on the applicant's country.  Consular officers who are serving in a country with this requirement should not automatically require all aliens applying for visas to submit a copy of the support evidence submitted to the alien's government. However, in some instances, you may decide such evidence would be advisable.

e. (U) Aliens Seeking Admission For Medical Treatment:  If the personal resources of an applicant seeking admission to the United States for medical treatment are not sufficient or are unavailable for use outside the country of residence, you may accept a sponsorship affidavit.  The affidavit should include explicit information regarding the arrangements made for the alien's support, medical care, and, if applicable, assurance that a bond will be posted if required by the DHS/USCIS.

f.   (U) Alien Seeking Admission As K Nonimmigrants:  See 9 FAM 302.8-2(B)(2) paragraph d above.

g. (U) Surety Bonds:  In cases where the applicant is otherwise eligible, including under INA 214(b), the procedures for posting bond for NIVs are the same as those for immigrant visas (IV).  (See 9 FAM 302.8-2(B)(3) paragraph g(4).)

9 FAM 302.8-2(B)(11)  (U) INA 221(g) versus INA 212(a)(4) Refusals

(CT:VISA-198;   09-30-2016)

(U) The determination of whether INA 221(g) or INA 212(a)(4) is the appropriate ground of refusal is determined by whether or not you have decided that you have enough information to make a finding of whether the applicant is ineligible under INA 212(a)(4).

(1)  (U) For example, if Form I-864 is submitted without this year's tax returns, then this is a documentary problem; the refusal should be INA 221(g).

(2)  (U) On the other hand, if the AOS is technically complete, but does not reflect sufficient financial resources, even after any possible joint sponsors have

~~submitted an AOS; or the applicant has no Form I-864, because the petitioner or sponsor does not meet the qualifying criteria set forth in INA 213A, that is a substantive problem and you must refuse the visa under INA 212(a)(4).~~

(3) ~~(U) You should note that applications refused under INA 212(a)(4), unlike those refused under INA 221(g), are not subject to termination under INA 203(g).~~

## 9 FAM 302.8-2(B)(12)  (U) Submitting Form I-864, Affidavit of Support Under Section 213A of the Act

(CT:VISA-~~254;   11-29-2016~~483;   01-03-2018)

a. ~~a.~~ (U) Notarizing and Photocopying Documentation:

(1) ~~(1)~~ (U) Required signatures do not need to be notarized.  This includes the signature of the sponsor(s), or the sponsor's household members or dependents on Form I864 and Form I-~~864-EZ~~864EZ, Affidavit of Support under Section 213A of the Act; Form I-~~864-A~~I864A; and Form I-~~864-W~~864W.  Consular officers should not require ink signature on the I-864.  A photocopy of the I-864 with the sponsor's signature is sufficient.  A typed or printed name is not acceptable.

_____ (U) NOTE:  The sponsor, by signing the Form I-864 under penalty of perjury, certifies that the transcript or photocopy is true and correct.  This certification meets the statutory requirement of presenting a "certified" copy and, per 28 U.S.C. 1746, the requirement that the affidavit of support be sworn or affirmed before a notary, consular officer, or immigration officer.

(2) (U) Principal applicants and accompanying spouses and/or children may travel together on one complete set of the documents prepared in support of Form I-864.

(3) (U) The supporting documents should be made a part of the principal applicant's Instruction Package for Immigrant Visa (IV).  The principal applicant's alien registration number (the Department of Homeland Security (DHS) assigned "A number") should be recorded on each accompanying individual's Form I-864 "for agency use only" box (on page 1 of the form).

(4) (U) Similarly, following-to-join applicants, traveling either alone or in a group, will require only one complete set of the documents prepared in support of the principal applicant's Form I-864.

(5) (U) For following-to-join applicants traveling together, the documents should be included in only one applicant's issued visa packet.

(6) (U) The alien registration number of the applicant carrying the support documentation must be recorded on Form I-864 (page 1 of the form).

(7) (U) ~~Each individual must still present~~A correct and complete signed Form I-864 submitted to the NVC is sufficient. An individual does not need to submit an original I-864 at the time of the ~~visa~~ interview ~~(so that it becomes part of the~~

~~Instruction Package for Immigrant Visa Applicants) and the signatures on each~~
~~affidavit.~~  The I-864 submitted to NVC (either in hard copy or electronically)
must be ~~original (not required to be notarized).~~included in the immigrant visa
packet.

(8) (U) The supporting documents carried by the designated following-to-join applicant are photocopies of the originals and do not need notarization or an original signature.

b. ~~b.~~ (U) Where to Submit:

(1) (U) As of October 1, 2002, all posts are participants in a review program at the National Visa Center (NVC).

(2) (U) The sponsor (or joint sponsor) is instructed to send the Form I-864, and all supporting documents (a complete set for the principal and a signed Form I864 under penalty of perjury, (and form I-864-A, if necessary) for each accompanying dependent) directly to NVC.

Formatted: No underline, Underline color: Auto

(3) (U) NVC will review the submitted Form I-864 and documents for clerical completeness and provide the sponsor two opportunities to supply any missing information or documents.  After the second review, NVC forwards the Affidavit of Support with the case file directly to post.

Formatted: No underline, Underline color: Auto

(4) (U) The NVC review does not apply to immigrant visa (IV) cases where the petitioner has filed the Form I-130, ~~─~~Petition for Alien Relative, at post.

### 9 FAM 302.8-2(~~B)(13~~C)(10)  (U) Reviewing Form I-864 or Form I-~~864 EZ,~~ ~~Affidavit of Support Under Section 213A of the Act~~864EZ

Formatted: Heading 3, Right:  0"

(CT:VISA-~~198;   09-30-~~
~~2016)~~483;   01-03-2018)

Formatted: Heading 4

a. (U) In General:  You must ensure that each section of Form I-864 or Form I-~~864~~ ~~EZ~~864EZ has been completed properly.  It is your responsibility to review the information provided with the petition packet and other documents provided at the time of interview.

Formatted: Indent: Hanging:  0.25", Right:  0.01", Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.25" + Indent at:  0.25"

b. (U) Part 1 of Form I-864 or Form I-~~864 EZ~~864EZ, Basis For Filing Affidavit of Support: Verify that sponsor has checked the appropriate box(es):

(1) (U) If Form I-~~864 EZ~~864EZ is being used, sponsors must check "Yes" on boxes a, b, and c;

(2) (U) If Form I-864 is being used and box "d" has been checked, indicating a single joint sponsor, you should ensure that there are two Forms I-864:  one from the petitioner and one from the joint sponsor; and

~~(3)~~ (U) If Form I-864 is being used and box "e" has been checked, indicating two joint sponsors, you should ensure that there are three Forms I-864:  one from the

(3)  petitioner, one from the first joint sponsor, and one from the second joint sponsor.

c. (U) Parts 2-4 of Form I-864 Or Form I-864 EZ864EZ, Basis For Filing Affidavit of

c.  Support:  Information on the Principal Immigrant, Accompanying Family Members, and Information on the Sponsor —.

(1) (U) Compare the information provided from other documents included in the application and/or verifying data with the sponsored immigrant at the time of the visa interview;

(2) (U) If the sponsor is using Form I-864 only "accompanying" family members should be listed in the chart in Part 3.  Be sure that the first and last name of each accompanying family member is listed; and

(3) (U) Family members "following to join" (i.e., intending to immigrate more than 6 months after the principal intending immigrant) should not be listed in Part 3.

d. (U) Part 5 of Form I-864 or Part 4 of Form I-864 EZ864EZ: Sponsor's Household Size: The sponsor's total household size is used to determine the correct Federal Poverty Guideline threshold.  For Form I-864, a household size includes the following groups of individuals:

(1) (U) Sponsor;

(2) (U) Person(s) the sponsor is sponsoring on the Affidavit of Support (will always be one if the sponsor is using Form I-864 EZ864EZ);

(3) (U) Sponsor's spouse, if the sponsor is married;

(4) (U) The sponsor's children, as defined in sectionINA 101(b)(1) of the Act,), except those that have:

(a) (U) Reached the age of majority (i.e., are at least 18 years old) or liberated under the law of sponsor's domicile; and

(b) (U) Are not claimed as dependents on the sponsor's most recent Federal income tax return;

(5) (U) Other persons lawfully claimed as dependents on the sponsor's tax return for the most recent tax years; and

(6) (U) The number of siblings, parents, and/or adult children who:

(a) (U) Have the same principal residence as the sponsor; and

(b) (U) Have combined their income with the sponsor's income by submitting Form I-864 A864A.

e. (U) Part 6 of Form I-864 or Part 5 of Form I-864 EZ: Sponsor's Income and 864EZ Sponsor's Information About Employment and Income:

(1) (U) General Rule and Active Duty Military Exception:

(a) (U) Either the petitioning sponsor, substitute sponsor, or a joint sponsor must show the ability to maintain his or her annual household income at 125

---

Formatted: Indent: Hanging: 0.37", Right: 0.01", Numbered + Level: 2 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.61" + Indent at: 0.61"

Formatted: Indent: 0.25", Right: 0.01", Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at: 0.25" + Indent at: 0.25"

Formatted: Indent: Left: 0.25", Right: 0.01"

Formatted: Indent: Hanging: 0.37", Right: 0.01", Numbered + Level: 2 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.61" + Indent at: 0.61"

percent of the governing Federal Poverty Guideline threshold (see also 9 FAM 302.82(B)(7C)(12);

(b) (U) A petitioner on active duty in the U.S. Armed Forces, other than for training, needs to demonstrate an annual income equal to at least 100 percent of the Federal Poverty Guidelines if he or she is petitioning for a spouse or child;

(c) (U) A substitute sponsor or joint sponsor is not eligible to claim 100% income level based on petitioner's relationship to the intending immigrant, or petitioner's military status;

(d) (U) A substitute or joint sponsor may claim the 100% income level only if he or she is on active duty in the U.S. Armed Forces (other than training) and the intending immigrant is the spouse or child of the substitute sponsor or joint sponsor;

(e) (U) To qualify for the Military Exception:

(i) (U) The petitioner must provide evidence that he or she is on active duty, such as military dependent's identification card for the intending immigrant (spouse or child); and

(ii) (U) A photocopy of the military identification card of the sponsor (spouse or parent).

(f) (f) (U) Regardless of whether a sponsor qualifies for the military exception, all of his or her income counts toward the 125% (or 100%) income requirement, including (in the case of Armed Forces personnel) any allotments received for the dependents.

(2) (U) Poverty Guidelines:  See 9 FAM 302.8-2(B)(17C)(12), Poverty Income Guidelines.

(3) (U) Determining the Sponsor's Ability to Provide Sufficient Support:

(a) (U) If a sponsor is using Form I-864-EZ864EZ, he or she must only use his or her salary or pension as shown on his or her most recent Federal income tax return.  If the sponsor provides a photocopy of the return, he or she must include a copy of W-2 provided by the sponsor's employer(s) and/or Form(s) IRS-1099 to show pension income.  As with other sponsors, these copies are not needed if the sponsor provides an IRS transcript of the return.  (See Part 1(a) of Form I-864-EZ864EZ.);

(b) (U) The sponsor must use Form I-864, rather than Form I-864-EZ864EZ, if the sponsor will be submitting any Forms I-864-A864A.  (See also 9 FAM 302.8-2(B)(4) paragraph b(5C) (9));

(c) (U) Sponsors who use Form I-864 may qualify based only upon their own income and/or assets if either or both are sufficient to reach the income requirement.  If the sponsor's combined income and assets are not sufficient

to meet the governing threshold, the sponsor may include the income and or/assets of another household member if the household member:

(i)     (U) Is at least 18 years of age;

(ii)    (U) Is included in the calculation of the household size;

(iii)   (U) Has the same principal residence as the sponsor (or is the sponsor's spouse); and

(iv)    (U) Has completed and signed the Form I-864-A; (d)  (U) Federal Tax Return(s):

(i)     (U) Whether a sponsor submits Form I-864 or Form I-~~864-EZ~~864EZ, the sponsor must provide a copy or an IRS-generated transcript of the sponsor's Federal income tax return for the most recent tax year;

(ii)    (U) By signing the Form I-864 or Form I-~~864-EZ~~864EZ under the penalty of perjury, a sponsor certifies that the transcript or photocopy is true and correct.  This certification meets the statutory requirement of presenting a "certified" copy of the transcript of photocopy. Certification of the returns by the IRS is not necessary, the sponsor's certification under the penalty of perjury is sufficient; and

(iii)   (U) A sponsor who filed a joint tax return with a spouse, but is qualifying using only his or her own individual income must submit evidence of that individual income.  For example, the sponsor's own W-2. Wage and Tax Statement, to reach the income requirement and/or evidence of other income reported to the IRS which can be attributed to him or her on Form 1099.

~~(f)~~ (e) (U) Other Evidence of Income:

(i)     (U) Total income means before deductions in the sponsor's tax return for the most recent taxable year should be generally determinative. There is no requirement to determine whether the sponsor would have met 125% (or 100%) of the governing Poverty Guideline before the most recent tax year;

(ii)    (U) You~~, however,~~ may consider other evidence of income (e.g., pay stub(s), or employer letter(s), or both), if:

·       (U) The sponsor establishes that he or she was not legally obligated to file a Federal income tax return for the most recent tax year

·       (U) You have determined that the income listed on the Federal tax return for the sponsor's most recent tax year does not meet the governing threshold

(iii)   (U) If a sponsor recently started a new job (that the officer is satisfied will likely continue), the income from the job now meets or exceeds the

legal requirement, you may find the Affidavit of Support (AOS) to be sufficient; and

(iv)   (U) 8 CFR 213a.2(c)(2)(ii)(C) permits you to conclude that a Form I-864 is not sufficient, even if the sponsor's household income meets the Poverty Guideline threshold.  For example, if the sponsor's income is from a job that is merely temporary or seasonal, you might reasonably conclude that the AOS, for that reason, is not sufficient.

(iv)   (U) As noted in 9 FAM 302.8-2(B)(2) paragraph a(3), a sufficient and properly filed, non-fraudulent Form I-864 in those cases where it is required, is a positive factor in the "totality of the circumstances" analysis under INA 212(a)(4).

(g)(f)    (U) Means-Tested Public Benefits Received by the Sponsor:

(i)   (U) The Department of State and U.S. Citizenship and Immigration Services (USCIS) has decided that, as a matter of policy, it will require the sponsor to disclose his or her receipt of means-tested public benefits and not consider the fact that a sponsor has received such means-tested public benefits in the past in evaluating a Form I-864 or Form I-864-EZ; and

(ii)   (U) The sponsor may not include any means-tested public benefits currently being received in calculating the household income.  (See also 9 FAM 302.8-2(B)(9C)(8).)

(h)(g)    (U) Compare Total Household Income with Governing Poverty Guideline:

(i)   (U) If the sponsor's total household income (line 24c of Form I-864 or line 18 of Form I-864 EZ864EZ) is greater than or equal to the governing Poverty Guideline threshold, the sponsor does not need to show evidence

(i)   of assets and does not require a joint sponsor.  In this case, you may move to part 8 of Form I-864 or Part 6 of Form I-864 EZ864EZ;

(ii)   (U) If Form I-864 EZ864EZ does not demonstrate means to maintain the required income, you may choose to request that the applicant submit a new Form I-864 from the sponsor (if the applicant seeks to qualify based on showing "significant assets") or submit a sufficient Form I-864 from a joint sponsor;

(U) NOTE:  This request of evidence should go to the applicant, not to the sponsor.

(iii)   (iii)   (U) If a Form I-864 does not demonstrate means to maintain the required income, you should consider the assets listed in Part 7 of the form.

f.  (U) Part 7 of Form I-864: Use of Assets to Supplement Sponsor's Income:

Formatted: Indent: Hanging:  0.39", Right:  0.01", Numbered + Level: 3 + Numbering Style: a, b, c, … + Start at: 6 + Alignment: Left + Aligned at:  0.99" + Indent at:  0.99"

Formatted: Indent: Left:  0.98", Hanging:  0.49", Right:  0.01",  No bullets or numbering

Formatted: Indent: Left:  0.98", Hanging:  0.49", Right:  0.01", Numbered + Level: 4 + Numbering Style: i, ii, iii, … + Start at: 1 + Alignment: Left + Aligned at:  1.47" + Indent at:  1.47"

Formatted: Right:  0.01"

Formatted: Indent: Left:  0.98", Hanging:  0.49", Right:  0.01", Numbered + Level: 4 + Numbering Style: i, ii, iii, … + Start at: 1 + Alignment: Left + Aligned at:  1.47" + Indent at:  1.47"

(1) (U) If a sponsor cannot meet the Poverty Guideline requirement based upon total household income listed on line 24c, he or she may show evidence of assets owned by the sponsor and/or members of the sponsor's household that are available to support the sponsored immigrant(s) and can be readily converted into cash within 1 year.

(2) (U) For assets of the intending immigrant and/or household member to be considered, the household member must complete and sign Form I-864-A864A.

(3) (U) You should check to make sure that the Form I-864-A864A is completed and signed by the sponsor and the household member.

(4) (U) Evidence of the sponsor's assets should be attached to the Form I-864. Evidence of the principal sponsored immigrant's and/or household member assets should be attached to Form I-864-A.  (See-864A.  (9 FAM 302.8-2(B)(4) paragraph g.)C)(5).)

g. (U) Joint Sponsor:

(1) (U) Joint Sponsor Needed:

(a) (U) If the petitioner or substitute sponsor cannot demonstrate ability to maintain a household income of at least 125% (or 100% when applicable) of the Federal Poverty Guidelines, the intending immigrant may meet the AOS requirement by obtaining a joint sponsor who is willing to accept joint and several liability with the principal sponsor as to provide support to the sponsored alien during the period that the affidavit is enforceable;

(b) (U) If a joint sponsor submits an AOS, remember that the petitioner (the principal sponsor) still must submit an AOS, regardless of whether the sponsor had no income, or did not make enough income to be required to file income tax returns;

(c)(1)    (U) The joint sponsor must demonstrate income or assets that independently meet the requirements to support the sponsored immigrant(s).  It is not sufficient for the combination of incomes of the primary sponsor, sponsored immigrant, and joint sponsor to meet the threshold; and

(d) (U) 8 CFR 213a.2(c) allows but does not require two joint sponsors per family unit intending to immigrate based upon the same family petition.  No individual may have more than one joint sponsor, but it is not necessary for all family members to have the same joint sponsor.

(2) (U) Joint Sponsor not needed:

(a) (U) If the petitioning or substitute sponsor meets the income requirements based on his or her own income, there can be no joint sponsor; and

(b) (U) If any additional Forms I-864 from the joint sponsors are included in the record, they should be removed from the file and returned to the intending immigrant.  Remove all unneeded Forms I-864 from the file so there is no

**Formatted:** Indent: Hanging:  0.37", Right:  0.01", Numbered + Level: 2 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at:  0.61" + Indent at:  0.61"

~~confusion about who is legally responsible for the immigrant and any enforcement action.~~

~~h.~~g.   (U) Part 8 of Form I-864 or Part 6 of Form I-~~864 EZ~~864EZ Sponsor's Contract:

**Formatted:** Indent: Hanging:  0.23", Right:  0.01", Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 6 + Alignment: Left + Aligned at:  0.23" + Indent at:  0.23"

(1)  (U) Part 8 of Form I-864 or part 6 of Form I-~~864 EZ~~864EZ constitutes the bulk of contractual provisions and outlines the purpose of Form I-864, ~~AOS~~Affidavit of Support under ~~Section~~INA 213A ~~of the Act~~, which is to overcome the public charge grounds of inadmissibility. It includes:

(a)  (U) Notice of Address requirements (the sponsor must notify Department of Homeland Security (DHS) of the sponsor's new address within 30 days);

(b)  (U) Means-tested Public Benefit Prohibitions and Exceptions;

(c)  (U) Consideration of sponsor's income in determining eligibility for benefits;

(d)  (U) Civil action to enforce the affidavit; and

(e)  (U) It requires certification under the penalty of perjury that the sponsor is aware of the legal ramifications of being a sponsor under ~~section~~INA 213A ~~of the Act~~.

(2)  (U) Once signed, the concluding provisions satisfy the statutory requirement that the sponsor must make written statement under the penalty of perjury indicating that the copies of the Federal income tax returns submitted with the ~~AOS~~Affidavit of Support are true copies of the returns filed with the Internal Revenue Service.

(3)  (U) A photocopy of the signed Form I-864 may be submitted for each spouse and/or child of the principal beneficiary of the adjustment of status application. Copies of supporting documentation are not required.

~~i.   (U) Federal Income Tax Returns:  See 9 FAM 302.8-2(B)(4) paragraph f.~~

~~j.   (U) When Sponsor Cannot Provide Income Tax Returns:  If the sponsor is unable to provide a Federal income tax return for the most recent taxable year at the time of the Form I-864 signing, he or she must provide a valid explanation.  Failure to file does not excuse the sponsor from the requirement. If tax returns should have been filed, the affidavit will not be considered sufficient until the sponsor has done so and supplied the appropriate copies for consideration with Form I-864.  If the declared income does not meet the 125 percent income requirement but the sponsor claims to have~~

~~underreported his or her income, an amended return will be necessary for the affidavit to be considered sufficient.~~

~~(U) NOTE:  You do not have the authority to request and/or require an individual to pay taxes or correctly report income to the Internal Revenue Service (IRS).  You may advise applicants or sponsors that an original or amended tax return will be required in order to process an immigrant visa petition to conclusion, however.~~

~~k.~~h.   (U) Part 9 of Form I-864 Preparer Information:  If someone other than the sponsor prepares the form on the sponsor's behalf, the preparer must complete and sign Part

**Formatted:** Indent: Hanging:  0.23", Right:  0.01", Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 6 + Alignment: Left + Aligned at:  0.23" + Indent at:  0.23"

9 of the Form I-864.  The preparer's signature is in addition to the sponsor's signature and does not replace the sponsor's obligation to sign the affidavit of support.

~~i.~~i. (U) Consular Posts/U.S. Citizenship and Immigration Services (USCIS) Completion of "Agency Use Only" Box:  In adjustment cases adjudicated by posts/USCIS, you must complete the "agency Use Only" box on the first page of the Form I-864 or Form I-~~864 EZ~~864EZ.  If the ~~petitioner~~petitioning sponsor does not qualify, you should check the box "Does not meet."  In order for the applicant to be approved, there must be in the file another Form I-864 that meets the requirements from a joint sponsor.  In such a case you must check the "Meets" box, and then sign, date, and note the post code for location.

~~m.~~j.  (U) Verification of Information:

~~(1)~~ (U) The U.S. Government may pursue verification of any information provided on or with Form I-864, Form I-~~864 EZ~~864EZ, Form I-~~864 A~~864A (e.g., employment, income, and/or assets) with the employer, financial or other institutions, the Internal Revenue Service, or the Social Security Administration.  If the Department finds that a sponsor, joint sponsor, or household member has concealed or

(1)  misrepresented material facts concerning income, household size, or other material facts, we will conclude that the Affidavit of Support is not sufficient to establish that the sponsored immigrant is not likely to become a public charge.

(2) (U) In this situation, the sponsor or joint sponsor may be liable for criminal prosecution under the general statutes relating to the submission of fraudulent immigration documents.  Failure of the sponsor or joint sponsor to provide adequate evidence of income and/or assets will result in the denial of the application for adjustment to lawful permanent residence status.

## 9 FAM 302.8-2(~~B)(14~~C)(11)  (U) Accepting Form I-~~864 W~~864W, Intending Immigrant's Affidavit of Support Exemption When Alien Can Demonstrate 40 Quarters of Work Under SSA

(CT:VISA-~~198;   09-30-2016);~~483;   01-03-2018)

a. (U) 9 FAM 302.8-2(~~B)(2~~C)(1) paragraph ~~d(3~~b(2) states that you must waive the Form I-864 requirement if the alien can demonstrate 40 quarters of earnings under the Social Security Act.  Any individual seeking to demonstrate the number of quarters he or she has earned may request a Social Security earnings statement from the Social Security Administration, which shows income reported, years worked, and whether or not the applicant has earned 40 quarters (also known as "credits") and therefore qualifies for benefits.

b. (U) Even if the applicant qualifies for a waiver of the Form I-864 affidavit requirement, he or she must still complete a Form I-~~864 W~~864W.  Form I-~~864~~

057

W864W is the applicant's signed statement that he or she has earned (or can be credited with) 40 quarters (credits) of coverage under the Social Security Act (SSA). The applicant must include SSA earnings statements with their completed Form I-864 W864W.  Applicants may not count any quarters during which he or she received a means-tested public benefit.  An applicant may be credited with all the qualifying quarters of coverage earned by their spouse during their marriage, provided that the applicant remains married to that spouse, or the spouse is deceased.  As stated in 9 FAM 302.8-2(B)(12) paragraph b, theThe National Visa Center (NVC) performs a review of documents, including AOSthe Affidavit of Support, for most consular posts. In those instances where the petitioner or the sponsor notifies NVC that they wish to use the Social Security quarters provision in lieu of a Form I-864, NVC requires submission of the Form I-864 W864W and the SSA earnings statement as described above before qualifying the case for forwarding to the post.

c. (U) If the petitioner and sponsor do not submit the Form I-864 W864W to NVC, indicating that they intend to use the Social Security quarters provision, NVC will require the Form I-864 and supporting documents, including the most recent Federal income tax return filed prior to the time of Form I-864 signing.

9 FAM 302.8-2(B)(15)  (U) Procedures for Posting Bond

(CT:VISA-198;   09-30-2016)

a.  (U) In General:  See 9 FAM 302.8-2(B)(3) above.

b.  (U) Submission to the Department:  In the rare cases where you have to consider the use of a public charge bond (in cases where Form I-864 is required), you must consult with CA/VO/L/A for assistance, given the changing status of this area of the law.

c.  (U) When Form I-864 is not required:

(1)  (U) The minimum bond that may be accepted is $1,000 for each alien.  When a family unit is proceeding to the United States, a bond may be required for more than one member of the family.  You should specify the names of the persons for whom the bond is being requested, as well as its amount.

(2)  (U) When a bond is required for an IV applicant who is preceding family members, the number of the remaining family is ordinarily not to be taken into account.  The question of public charge, as applied to the members of the family, should be examined at the time the family members apply for their visas.  At that time you should consider, among other such factors the:

(a)  (U) Permanency of employment of the preceding immigrant;

(b)  (U) Degree of responsibility taken for the family's support during the period of separation; and

(c)  (U) Plans set forth in the affidavit of support for their maintenance after their immigration.

(3)  (U)  A public charge bond should be used only in marginal cases, since it is rarely sufficient by itself for INA 212(a)(4) purposes.  A public charge bond is usually canceled when the alien dies, departs permanently from the United States, or is naturalized, provided the immigrant did not become a public charge prior to death, departure, or naturalization.  However, a Department of Homeland Security/United States Citizenship and Immigration Services (DHS/USCIS) district director may cancel a bond at any time if the immigrant is found not likely to become a public charge.  It will also be canceled upon review of the case following the fifth anniversary of the admission of the immigrant, provided the alien has filed Form I356, Request for Cancellation of Public Charge Bond, and the district director finds that the immigrant did not become a public charge prior to the fifth anniversary. The bond otherwise will remain in effect, until Form I-356 is filed and the district director renders a decision to breach or cancel the bond after review of the evidence supporting the form.

(4)  (U)  An applicant on whose behalf a bond has been accepted should be informed that DHS/USCIS might require a larger bond upon arrival at a port of entry.  A visa issued to such an alien should bear a notation regarding the filing of the bond.  The official notification received from DHS/USCIS regarding the posting of the bond should be attached to the visa.  When the notification is received by telegram, a certified copy of the telegram should be so attached.

9 FAM 302.8-2(B)(16)  (U) Evidence of Sponsor's Awareness of Obligations

(CT:VISA-198;   09-30-2016)

a. (U) In cases involving the use of Form I-134 (not Form I-864):

(1)  (U) The Department shares the responsibility for ensuring that persons who undertake to sponsor the immigration of aliens are informed, prior thereto, that:

(a)  (U) If the alien applies for public assistance, the sponsorship affidavit will be made available to the public assistance agency;

(b)  (U) Sponsors may be required to provide additional information concerning income and assets in connection with the alien's application for assistance; and

(c)  (U) A form which posts are authorized to reproduce locally, designed to inform such sponsors of their responsibilities and obligations under the Social Security Act and the Food Stamp Act, must be included in all the "Instruction Package for Immigrant Visa Applicants" (formerly Packets 3) as an attachment to Form DS-2001, Notification of Applicant Readiness.

(2)  (U) You may not accept an affidavit of support for purposes of INA 212(a)(4) unless the designated form concerning Social Security Insurance (SSI) benefits is signed by the sponsor(s) and attached to the affidavit.

### 9 FAM 302.8-2(B)(17C)(12)   (U) Poverty Income Guidelines 20162017

(CT:VISA-254;   11-29-2016483;   01-03-2018) a.

(U) In General:

(1) (U) Section 673(2) of the Omnibus Budget Reconciliation Act (OBRA) of 1981 ((U) Pursuant to 42 U.S.C. 9902(2)) requires) the Secretary of the Department of Health and Human Services (HHS) to updateupdates the poverty guidelines annually.

(2) (U) On January 25, 201626, 2017, HHS published its annual updates of the Poverty Guidelines, adjusting them on the basis of the Consumer Price Index for all Urban Consumers.  The guidelines in this 20162017 reflect the 0.1.3 percent price increase between calendar years 20142015 and 20152016.

(3) (U) The guidelines are rounded and adjusted to standardize the differences between family sizes.  The same calculation procedure was used this year as in previous years.  HHS used the same calculation procedure this year as in previous year.  These guidelines apply to all persons of all ages in the family/household.

(4)  (U) This simplified version of the poverty threshold used by the Bureau of Census to prepare statistical estimates of the number of persons and families living in poverty.

(5) (U) Applicants who are required to have an Affidavit of Support filed on their behalf and the sponsor cannot meet the applicable minimum poverty guideline threshold are inadmissible for immigrant visa issuance under INA 212(a)(4)(C).

(6)  ——(U) NOTEApplicability:  The 20162017 guidelines shouldmust be considered in determinations of whether a Form I-864, or Form used when evaluating the I864/I-864-EZ submitted on or after March 1, , meets the minimum Federal poverty income guidelines threshold.  In cases in which the sponsor has filed Form I-8642017.  Forms files prior to March 1, 2016 consider2017 must be evaluated using the guidelines that were in effectplace at the time of submission.

b. (U) Annual Guidelines:

(1)  (U) Minimum Income Requirements for _Use in Completing Form I-864:  Use whichever the table below reflects the poverty guidelines that were in effect for the 48 contiguous states, the District of Columbia, Puerto Rico, the U.S. Virgin Islands, Guam, and the Commonwealth of the Northern Mariana Islands at for the time the affidavitAffidavit of Support was submitted.  The following figures represent the annual income.

(1)  (U) ~~2016~~2017 HHS Poverty Income Guidelines:

| Column 1 | Column 2 | Column 3 | Column 4 | Column 5 | Column 6 | Column 7 |
|---|---|---|---|---|---|---|
| Size of Family/ Household Unit | 48 Contiguous States and D.C. 100 percent | 125 percent | Alaska 100 percent | 125 percent | Hawaii 100 percent | 125 percent |
| | For all sponsors on active duty in the U.S. Armed Forces who are petitioning for their spouses or child. | For all other sponsors. | For all sponsors on active duty in the U.S. Armed Forces who are petitioning for their spouses. | For all other sponsors. | For all sponsors on active duty in the U.S. Armed Forces who are petitioning for their spouses. | For all other sponsors. |
| 2 | $16,020 | $20,025 | $20,020 | $25,025 | $18,430 | $23,037 |
| 3 | 20,160 | 25,200 | 25,200 | 31,500 | 23,190 | 28,987 |
| 4 | 24,300 | 30,375 | 30,380 | 37,975 | 27,950 | 34,937 |
| 5 | 28,440 | 35,550 | 35,560 | 44,450 | 32,710 | 40,887 |
| 6 | 32,580 | 40,725 | 40,740 | 50,925 | 37,470 | 46,837 |
| 7 | | | | | | |

**Formatted:** Indent: Hanging: 0.37", Right: 0.01", Space After: 0.85 pt, Numbered + Level: 1 + Numbering Style: 1, 2, 3, … + Start at: 1 + Alignment: Left + Aligned at: 0.61" + Indent at: 0.61"

|  | 36,730 | 45, 912 | 45,920 | 57,400 | 42,230 | 52,787 |
|---|---|---|---|---|---|---|
| 8 | 40,890 | 51,112 | 51,120 | 63,900 | 47,010 | 58,762 |
| For each additional person, add | $4,160 | $5,200 | 5,200 | 6,500 | $4,780 | $5,975 |

| Column 1 | Column 2 | Column 3 | Column 4 | Column 5 | Column 6 | Column 7 |
|---|---|---|---|---|---|---|
| Persons in Family/ Household Unit | 48 Contiguous States and D.C. 100 percent | 125 percent of HHS Poverty Guidelines | Alaska 100 percent of HHS Poverty Guidelines | 125 percent of HHS Poverty Guidelines | Hawaii 100 percent of HHS Poverty Guidelines | 125 percent of HHS Poverty Guidelines |
| | For all sponsors on active duty in the U.S. Armed Forces who are petitioning for their spouses or child. | For all other sponsors. | For all sponsors on active duty in the U.S. Armed Forces who are petitioning for their spouses or child. | For all other sponsors. | For all sponsors on active duty in the U.S. Armed Forces who are petitioning for their spouses. | For all other sponsors. |
| 2 | $16,240 | $20,300 | $20,290 | $25,362 | $18,670 | $23,337 |
| 3 | 20,420 | 25,525 | 25,520 | 31,900 | 23,480 | 29,350 |
| 4 | 24,600 | 30,750 | 30,750 | 38,437 | 28,290 | 35,362 |
| 5 | 28,780 | 35,975 | 35,980 | 44,975 | 33,100 | 41,375 |
| 6 | 32,960 | 41,200 | 41,210 | 51,512 | 37,910 | 47,387 |

| 7 | 37,140 | 46,425 | 46,440 | 58,050 | 42,720 | 53,400 |
| 8 | 41,320 | 51,650 | 51,670 | 64,587 | 47,530 | 59,412 |
| For each additional person, add | $4,180 | $5,225 | $5,230 | $6,537 | $4,810 | $6,012 |

(a)  (U) Effective Date: These figures represent annual income.  These poverty guidelines remain in effect for use with Form I-864, Affidavit of Support, from March 1, ~~2016~~2017, until new guidelines go into effect in ~~2017~~2018.

—(U) ~~Source: 81 FR 4036-4037~~

(b)  —— (U) NOTE: Families More than 8 Persons: For families/households with more than 8 persons, add $4,~~160, (~~180.00, 100 percent) or $5,~~200~~225 (125 percent) for each additional person for the 48 contiguous States, the District of Columbia, Puerto Rico, the U.S. Virgin Islands, Guam, and the Commonwealth of Northern Mariana Islands.  See chart above for Alaska and Hawaii guidelines.

(c)  ——(U) Refer to the figures in orange columns (see 3, 5, and 7) when processing immigrant visa (IV) involving Form I-864 or Form I-864-EZ. Refer to the gray (see columns 2, 4, and 6) for active members of the U.S. Armed sponsoring spouses and children.

(d)  (U) Source: 82 FR 8831-8832

(2)  (U) 2016 HHS Poverty Income Guidelines:

Formatted: Indent: Hanging:  0.37", Right:  0.01", Numbered + Level: 2 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.97" + Indent at:  0.97"

Formatted: Font color: Black

Formatted: Indent: Hanging:  0.37", Right:  0.01", Numbered + Level: 2 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.97" + Indent at:  0.97"

| Column 1 | Column 2 | Column 3 | Column 4 | Column 5 | Column 6 | Column 7 |
|---|---|---|---|---|---|---|
| Size of Family/ Household Unit | 48 Contiguous States and D.C. 100 percent | 125 percent | Alaska 100 percent | 125 percent | Hawaii 100 percent | 125 percent |
| | For all sponsors on active duty in the U.S. Armed Forces who are petitioning for their spouses or child. | For all other sponsors. | For all sponsors on active duty in the U.S. Armed Forces who are petitioning for their spouses. | For all other sponsors. | For all sponsors on active duty in the U.S. Armed Forces who are petitioning for their spouses. | For all other sponsors. |
| 2 | $16,020 | $20,025 | $20,020 | $25,025 | $18,430 | $23,037 |
| 3 | 20,160 | 25,200 | 25,200 | 31,500 | 23,190 | 28,987 |
| 4 | 24,300 | 30,375 | 30,380 | 37,975 | 27,950 | 34,937 |
| 5 | 28,440 | 35,550 | 35,560 | 44,450 | 32,710 | 40,887 |
| 6 | 32,580 | 40,725 | 40,740 | 50,925 | 37,470 | 46,837 |
| 7 | 36,730 | 45, 912 | 45,920 | 57,400 | 42,230 | 52,787 |
| 8 | 40,890 | 51,112 | 51,120 | 63,900 | 47,010 | 58,762 |
| For each additional person, add | $4,160 | $5,200 | 5,200 | 6,500 | $4,780 | $5,975 |

(a)  (U) Effective Date: These figures represent annual income.  These poverty guidelines remain in effect for use with Form I-864 from March 1, 2016, until new guidelines go into effect in 2017.

(b)  (U) Families of 8 or More: For families/households with more than 8 persons, add $4,160, (100 percent) or $5,200 (125 percent) for each additional person for the 48 contiguous States, the District of Columbia, Puerto Rico, the U.S. Virgin Islands, Guam, and the Commonwealth of Northern Mariana Islands.  See chart above for Alaska and Hawaii guidelines.

(c)  (U) Refer to the figures in orange columns (see 3, 5, and 7) when processing immigrant visa (IV) involving Form I-864 or Form I-864-EZ.  Refer to the gray (see columns 2, 4, and 6) for active members of the U.S. Armed Forces sponsoring spouses and children.

(U) Consider the "totality of circumstances" including the applicant's age, health, and education.  You can deny visa issuance under INA 212 (a)(4)(C) if the applicant appears likely to become public charge despite meeting the poverty guidelines.  However, "totality of circumstances" cannot serve as the basis for overcoming Section 212(a)(4) if the poverty guidelines are not met.

(d)  (U) Source: 81 FR 4036-4037

(3)  (U) 2015 HHS Poverty Income Guidelines:

| Column 1 | Column 2 | Column 3 | Column 4 | Column 5 | Column 6 | Column 7 |
|---|---|---|---|---|---|---|
| Size of Family Unit | 48 Contiguous States and D.C. 100 percent | 125 percent | Alaska 100 percent | 125 percent | Hawaii 100 percent | 125 percent |
| | For all sponsors on active duty in the U.S. Armed | For all other sponsors. | For all sponsors on active duty in the U.S. Armed | For all other sponsors. | For all sponsors on active duty in the U.S. Armed | For all other sponsors. |

|  | Forces who are petitioning for their spouses or child. |  | Forces who are petitioning for their spouses. |  | Forces who are petitioning for their spouses. |  |
|---|---|---|---|---|---|---|
| 2 | 15,930 | 19,912 | 19,920 | 24,900 | 18,330 | 22,912 |
| 3 | 20,090 | 25,112 | 25,120 | 31,400 | 23,110 | 28,887 |
| 4 | 24,250 | 30,312 | 30,320 | 37,900 | 27,890 | 34,862 |
| 5 | 28,410 | 35,512 | 35,520 | 44,400 | 32,670 | 40,837 |
| 6 | 32,570 | 40,712 | 40,720 | 50,900 | 37,450 | 46,812 |
| 7 | 36,730 | 45,912 | 45,920 | 57,400 | 42,230 | 52,787 |
| 8 | 40,890 | 51,112 | 51,120 | 63,900 | 7,010 | 56,762 |
| For each additional person, add | 4,160 | 5,200 | $5,200 | 6,500 | $4,780 | $5,975 |

| Column 1 | Column 2 | Column 3 | Column 4 | Column 5 | Column 6 | Column 7 |
|---|---|---|---|---|---|---|
| Size of Family Unit | 48 Contiguous States and D.C. 100 percent | 125 percent | Alaska 100 percent | 125 percent | Hawaii 100 percent | 125 percent |
|  | For all | For all | For all | For all | For all |  |

|  | sponsors on active duty in the U.S. Armed Forces who are petitioning for their spouses or child. | other sponsors. | sponsors on active duty in the U.S. Armed Forces who are petitioning for their spouses. | other sponsors. | sponsors on active duty in the U.S. Armed Forces who are petitioning for their spouses. | For all other sponsors. |
|---|---|---|---|---|---|---|
| 2 | 15,930 | 19,912 | 19,920 | 24,900 | 18,330 | 22,912 |
| 3 | 20,090 | 25,112 | 25,120 | 31,400 | 23,110 | 28,887 |
| 4 | 24,250 | 30,312 | 30,320 | 37,900 | 27,890 | 34,862 |
| 5 | 28,410 | 35,512 | 35,520 | 44,400 | 32,670 | 40,837 |
| 6 | 32,570 | 40,712 | 40,720 | 50,900 | 37,450 | 46,812 |
| 7 | 36,730 | 45,912 | 45,920 | 57,400 | 42,230 | 52,787 |
| 8 | 40,890 | 51,112 | 51,120 | 63,900 | 7,010 | 56,762 |
| For each additional person, add | 4,160 | 5,200 | $5,200 | 6,500 | $4,780 | $5,975 |

(a)  (U)  Effective Date: These poverty guidelines remain in effect for use with Form I-864 from March 1, 2015 until new guidelines go into effect in 2016.

(U)  Source: 80 FR 3236-3237 [Published by HHS January 22, 2015.]

(U) NOTEFamilies of 8 or More:  For families/households with more than 8 persons, add $4,160,  (100 percent) or $5,200 (125 percent) for each additional person for the 48 contiguous States, the District of Columbia, Puerto Rico, the U.S. Virgin Islands, Guam, and the Commonwealth of Northern Mariana Islands.  See chart above for Alaska and Hawaii guidelines.

(b)

Formatted: Indent: Hanging:  0.37", Right:  0.01", Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.97" + Indent at:  0.97"

Formatted: Indent: Left:  0.98", Right:  0.01"

additional person for the 48 contiguous States, the District of Columbia, Puerto Rico, the U.S. Virgin Islands, Guam, and the Commonwealth of Northern Mariana Islands.  See chart above for Alaska and Hawaii guidelines.

(c)   (U) Refer to the figures in orange columns (see 3, 5, and 7) when processing immigrant visa (IV) involving Form I-864 or Form I-864-EZ.  Refer to the gray (see columns 2,4, and 6) for active members of the U.S. Armed sponsoring spouses and children.

(U) Consider the "totality of circumstances" including the applicant's age, health, and education.  You can deny visa issuance under INA 212 (a)(4)(C) if the applicant appears likely to become public charge despite meeting the poverty guidelines.  However, "totality of circumstances" cannot serve as the basis for overcoming Section 212(a)(4) if the poverty guidelines are not met.

(d)   (U) Source: 80 FR 3236-3237 [January 22, 2015.]

c.   c.   (U) Important Notice For Sponsors:  Read the following section before submitting Form I-864, or Form I-864-EZ.

(1)   (U) Who needs Form I-864, Affidavit of Support under Section 213A of the Act?  Applicants for family-based immigrant visa (IV) categories, including biological and adopted children of U.S. citizens who are not eligible for automatic naturalization upon admission as a legal permanent resident:

(a)   (U) Any alien classified IR-2 based on a stepparent-stepchild  relationship with a U.S. citizen;

(b)   (U) Any alien classified IR-2 who will be age 18 or over upon admission to the United States as a lawful resident;

(c)   (U) Any alien classified IR-2 who will not be taking up residence in the United States;

(d)   (U) Any alien classified IR-2 who will not be residing with, and in the legal custody of, the U.S. citizen;

(e)   (U) Orphans adopted abroad by U.S. citizen (IR-3/IR-4); and

(f)   (U) Applicants for employment-based immigrant visas where a relative filed the immigrant visa petition or have a five percent or greater ownership interest in the business that filed the petition.

(2)   (U) Which Applicants for Family-based Immigrant Visas Do Not Need the form I-864, or Form I-864-EZ, Affidavit of Support under Section 213A Of the Act?  Applicants meeting the criteria below are not required to submit I-864 or I-864-EZ Affidavits of Support, but must submit Forms I-864-W, to demonstrate an exemption from the affidavit of support requirement:

(a)   (U) Biological (natural-born, in or out of wedlock) children of U.S. citizens (IR2 immigrant visa (IV) category), provided the child will be admitted to the

United States while under the age of 18 and will reside in the United States with, and in the custody of, the U.S. citizen parent;

(b)  (U) Self-petitioning widow or widower and battered spouses and children;

(c)  (U) An adopted child classified IR-2 who satisfies the requirement of INA 101(b)(1)(E) with respect to U.S. citizen parent; provided the child will be admitted to the United States while under age 18 and will reside in the United States with, and in the custody of, the adoptive U.S. citizen parent;

(d)  (U) Orphans adopted abroad by U.S. citizen (IR-3/IR-4 immigrant visa (IV) category) with a full and final adoption, who will be admitted to the United States while under age 18 and will reside in the United States with, and in the custody of, the adoptive U.S. citizen parent; or

(e)  (U) Immigrants who have already worked or can be credited with 40 qualifying quarters of work as defined in Title II of the Social Security Act (SSA).

d.  (U) Checklist for preparing the Form I-864, or Form I-864-EZ, Affidavit of Support under Section 213A of the Act

(1)  (U) Documents must be submitted in the following order:

(a)  (U) Petitioner's Documents—Form I-864.  The petitioner in family-based immigrants, or the employment-based immigrants where a relative filed the petition or has ownership interest (5% or more) in the petitioning entity, or a joint Additional Assets: If the sponsor must complete a Form I-864.

(b)  (U) For Form I-864, all pages in correct order, 1, 2, 3, 4, 5, 6, 7, 8 and 9 are stapled together; for Form I-864-EZ; 1, 2 3 4, and 5 are stapled together. Please see instructions for Form I-864-EZ.

(c)  (U) Each page filled out completely.

(d)  (U) Part 8 (Form I-864) or Part 6 (Form I-864-EZ) signed by the petitioner (for employment cases, by the relative) (not required to be notarized).

(e)(i)  (U) Photocopy or Internal Revenue Service (IRS) transcript of the most recent Federal tax return with all supporting schedules that the sponsor had filed prior to the time of Affidavit of Support (AOS) signing.   The return must have all pages in the correct order and must be stapled together.

(f)(i)  (U) If you did not have to file a tax return, attach a written explanation and a copy of the instructions from the IRS publication that shows you was not obligated to file.  (For information on most income tax obligations visit the IRS Web site.)

(g)  (U) If needs to use additional assets are needed to meet the minimum income requirement:

(i)  (U) Amount of assets required.  In order to qualify using the assets, the total net value of all assets must generally equal at least five times the difference between the

070

sponsor's total household income and the minimum income requirement of the current year.

(1)

(U) Example for a Household of 4:

| | |
|---|---|
| 125% Poverty Guideline  (48 Contiguous States, District of Columbia, Puerto Rico, the U.S. Virgin Islands, and Guam) | $30,~~375 (2016~~750.00 (2017) |
| Sponsor's Income | $~~40,500.00~~22,000 |
| Difference | $~~10,125.00~~8,750 |
| Multiply by 5 | X 5 |
| Minimum Required Net Value of Assets | $~~50,625.00~~43,750 |

(2)

(U) Exceptions: There are two exceptions~~, however:~~ to this general rule.

(a) Exception 1: If the ~~adjustment of status~~ applicant intends to immigrate as a spouse of a U.S. citizen or the child of a U.S. citizen who will not become a citizen under section 320 of the Act because the child has already reached his or her 18th birthday, the "significant assets" requirement will be satisfied if the assets equal three times, rather than five times, the difference between the applicable income threshold and the actual household income.  The chart below is an example for a household size of 4:

| | |
|---|---|
| 125% Poverty Guideline | $30,750 (2017) |
| Sponsor's Income | $22,000 |
| Difference | $8,750 |
| Multiply by 3 | X 3 |
| Minimum Required Net Value of Assets | $26,250 |

(U) ~~Example for a Household size of 4:~~

| | |
|---|---|
| ~~125% Poverty Guideline~~ | ~~$30,375 (2016)~~ |
| ~~Sponsor's Income~~ | ~~$40,500.00~~ |

| | |
|---|---|
| ~~Difference~~ | ~~$10,125.00~~ |
| ~~Multiply by 3~~ | ~~X 3~~ |
| ~~Minimum Required Net Value of Assets~~ | ~~$30,375.00~~ |

(b)    (U) Exception 2:  If the ~~adjustment of status~~ applicant intends to immigrate as an IR-4 or IH-4 immigrant (orphans or Hague Convention adoptees coming to the United States for adoption), the parents' assets only need to equal or exceed the difference between the applicable income threshold and the actual household income.    (U) ExampleThe chart below is an example of for a ~~Household~~household size of 4:

| | |
|---|---|
| ~~125% Poverty Guideline~~ | ~~$30,375 (2016)~~ |
| ~~Sponsor's Income~~ | ~~$35,500.00~~ |
| ~~Difference (Minimum Required Net Value of Assets)~~ | ~~$5,125.00~~ |

| | |
|---|---|
| 125% Poverty Guideline | $30,750 (2017) |
| Sponsor's Income | $22,000 |
| Difference (Minimum Required Net Value of Assets) | $8,750 |

(ii) (3)  (U) Providing Additional Assets:  If the sponsor is using additional assets to meet the income level requirements, the sponsor must present the following: (a)  (U) Evidence of ownership, location, and the value of each asset;

(iii)   (U) Evidence of liens, mortgages, and liabilities for each asset (if any); (b)  and

(iv)(c)    (U) When required under 9 FAM 302.8-2(B)(c)(4) paragraph b(3), evidence of current employment or self-employment, such as a recent pay statement or a statement from your employer on business stationery, showing the beginning date of employment, type of work performed, and salary or wages paid.

072

**9 FAM 302.8-2(C)(13)  (U) Checklist for Preparing the Affidavit of Support**

(CT:VISA-483;   01-03-2018)

a.  (U) Documents must be submitted in the following order:

(a)  (U) Proper Affidavit of Support:

(i)   Form I-864: All pages, completely filled out, in correct order (pages 1, 2,3, 4, 5, 6, 7, 8, 9 10, 11 and 12) stapled together and part 8 signed as appropriate.

(ii)   Form I-864-EZ:  All pages, completely filled out in correct order (pages1, 2 3 4, 5, 6, and 7) stapled together and part 6 signed as appropriate.

(b)  (U) Most Recent Federal Tax Return:

(i)   (U) Photocopy or Internal Revenue Service (IRS) transcript of the most recent Federal tax return with all supporting schedules that the sponsor had filed prior to the time of Affidavit of Support signing.  The return must have all pages in the correct order and must be stapled together.

(ii)   (U) If the sponsor did not have to file a tax return, the sponsor should attach a written explanation and a copy of the instructions from the IRS publication that shows the sponsor was not obligated to file.  (For information on most income tax obligations visit the IRS Web site.)

c.  (U) Joint Sponsors (if required):

(1)  (U) Form I-864:

(a)  (U) Must be completed by a joint sponsor if the petitioner or substitute sponsor cannot demonstrate the ability to maintain a household income of at least 125 percent (or 100 percent when applicable of the Federal Poverty Guidelines).

(b)  (U) The intending immigrant may meet the Affidavit of Support requirement by obtaining a joint sponsor who is willing to accept joint and several liability with the principal sponsor as to the obligation to provide support to the sponsored alien during the period that the Affidavit is enforceable.

(c)  (U) 8 CFR 213a(2)(iii)(C) allow but do not require two joint sponsors per family unit intending to immigrate based on the same petition.

(U) (c)  (U) Additional Assets: If required, proof of additional assets, as described in 9 FAM 302-2(C)(10) paragraph c above.

(2)b.  (U) Joint Sponsor:  The joint sponsor: Must must meet the same qualifications as the petitioner and submit the same documentation as noted in paragraph a, Petitioner's Documents1, above.

(U) NOTE:  The petitioner must also submit a Form I-864.

[Formatted: Indent: Left:  0.98", Hanging:  0.48", Right:  0.01", Numbered + Level: 4 + Numbering Style: i, ii, iii, … + Start at: 1 + Alignment: Left + Aligned at:  1.46" + Indent at:  1.46"]

[Formatted: Indent: Hanging:  0.25", Right:  0.01", Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.25" + Indent at:  0.25"]

073

f.   (U) Household Members Whose Income864A:  If the income and Assetsassets of a household member are to be considered:

(1)c.  (U) A when reviewing the income level, a separate Form I-864 A864A, Contract Between Sponsor and Household Member, must be completed for each household member whose income and assets are to be considered.

(2)(1)   (U) Each page must be filled out completely and stapled together.

(3)(2)   (U) All tax, employment, and asset documents must be assembled in the same manner as the sponsor's (see above) and attached to the correct Form I-864 A864A, Contract Between Sponsor and Household Member.

(4)(3)   (U) Part 1 Information on the Household Member.

(5)(4)   (U) Part 2 Your (the household Member's) Relationship to the Sponsor must be completed by sponsor.

(6)(5)   (U) Part 3 Your (the Household Member's) Employment and Income must be completed by the household member.

g.d.   (U) Documents for the Principal Immigrant and Accompanying Dependents:

(1)  (U) Principal Applicant:

(a)  (U) Original or copy of Form I-864 and Form I-864 A864A, Contract Between Sponsor and Household Member (if needed); must be signed (not required to be notarized).

(b)  (U) The sponsor's most recent Federal income tax return filed prior to the time of Form I-864 signing is needed for each principal immigrant.

(2)  (U) Accompanying Dependents:

(a)  (U) Accompanying dependents, if listed on the original Form I-864 affidavit of support submitted for the principal applicant and accompanying the principal applicant (traveling and entering the United States at the same time) may submit and travel together on one complete set of signed documents (not required to be notarized):  Form I-864 and Form I-864 A864A, Contract Between Sponsor and Household Member, if needed.

(b)  (U) Accompanying dependents, if travelling together with the principal applicant, may submit copies of the principal's Form I-864 and Form I-864-A (photocopied signatures are acceptable.)

(c)  (U) Copies of supporting documents are not required for dependents applying for visas or adjustment of status together with the principal immigrant.

(3)  (U) Follow to join dependents (travelling separately from the principal applicant and entering after the principal, or following to join a principal applicant who has adjusted status in the United States) must submit a signed original affidavit of support from the sponsor, along with a complete set of supporting documents. Follow to join dependents may not submit a A photocopy of the affidavit of support previously submitted by the principal applicant. is acceptable.

Formatted: Indent: Hanging:  0.25", Right:  0.01", Numbered + Level: 1 + Numbering Style: a, b, c, … + Start at: 1 + Alignment: Left + Aligned at:  0.25" + Indent at:  0.25"

9 FAM 302.8-2(B)(18D)  (U) ~~Aliens Exempt from INA 212(a)(4)~~
~~(CT:VISA 198;   09-30~~
~~2016)~~

~~(U) The following visa classes are exempt from INA 212(a)(4):~~

~~(1)  (U) Nonimmigrants who qualify under INA 101(a)(15)(A) or INA 101(a)(15)(G), who are exempt from the public charge provisions of the law under INA 102 (other than those classifiable as A-3 or G-5).~~

~~(2)(1)    (U) Nonimmigrants who qualify under INA 101(a)(15)(T);~~

~~(3)(1)    (U) Nonimmigrants who qualify under INA 101(a)(15)(U);~~

~~(4)(1)    (U) VAWA self-petitioners; and~~

~~(5)(1)    (U) Qualified aliens described in section 431(c) of the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (8 U.S.C. 1641(c)).~~

## ~~9 FAM 302.8-2(C)  (U)~~ Advisory Opinions
(CT:VISA ~~1;   11-18-2015~~483;
01-03-2018)

**Formatted:** Right:  0.01"

**Formatted:** Indent: Hanging:  0.37", Right:  0.01",
Numbered + Level: 1 + Numbering Style: 1, 2, 3, … +
Start at: 1 + Alignment: Left + Aligned at:  0.61" +
Indent at:  0.61"

**Formatted:** Heading 2

(U) An AO is not required for a potential INA 212(a)(4) ineligibility; however, if you have a question about the interpretation or application of law or regulation, you may request an AO from CA/VO/L/A.

## 9 FAM 302.8-2(DE)  (U) Waiver

### 9 FAM 302.8-2(DE)(1)  (U) Waivers for Immigrants

(CT:VISA-1;  11-18-2015483; 01-03-2018)

(U) No waiver is available for immigrants ineligible under INA 212(a)(4).   Applicants may overcome the finding by presenting evidence to convince you that the inadmissibility no longer applies.  While there are provisions for overcoming the inadmissibility by posting a bond or undertaking with DHS, the applicant is still subject to Affidavit of Support (AOS) and income requirements.  Consequently, there are few circumstances in which a bond would be offered as an alternative to the AOSAffidavit of Support.

### 9 FAM 302.8-2(DE)(2)  (U) Waivers for Nonimmigrants

(CT:VISA-1;  11-18-2015483; 01-03-2018)

(U) NoWhile a waiver is availablelegally permissible for nonimmigrants ineligible under INA 212(a)(4). The refusal ), consular officers should generally not recommend for an NIV waiver an applicant who is ineligible on this ground as a matter of policy. In almost all cases, an NIV applicant who is ineligible under INA 212(a)(4) will likely also be ineligible under INA 214(b), which is not waivable.  Both grounds of refusal may be overcome.  Typically, refusals are overcome if an applicant presents evidence that convinces the consular officer that the inadmissibility no longer applies.

## 9 FAM 302.8-2(EF)  Unavailable

### 9 FAM 302.8-2(EF)(1)  Unavailable

(CT:VISA-198;  09-30-2016) 483;  01-03-2018)

Unavailable.

### 9 FAM 302.8-2(EF)(2)  Unavailable

(CT:VISA-198;  09-30-2016) 483;  01-03-2018)

Unavailable.