THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAYOR & CITY COUNCIL OF
BALTIMORE,

    *Plaintiff*,

    v.

DONALD J. TRUMP, *et al.*,

    *Defendants*.

Civil Action No. ELH-18-3636

## MEMORANDUM

On November 28, 2018, the Mayor and City Council of Baltimore (the "City") filed suit against President Donald J. Trump, in his official capacity; the United States Department of State; and Secretary of State Michael R. Pompeo, in his official capacity. The City alleges that the Trump Administration's January 3, 2018, change to the public charge provisions of the Foreign Affairs Manual ("FAM") violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq*., and the equal protection component of the Fifth Amendment to the Constitution. ECF 1 (the "Complaint").

The Government moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction, and under Fed. R. Civ. P. 12(b)(6), for failure to state a claim. ECF 17. The Court denied the motion by Memorandum Opinion (ECF 59) and Order (ECF 60) of September 20, 2019. After defendants answered the suit (ECF 68), the Court issued a Scheduling Order to facilitate discovery. ECF 69.[1]

---

[1] This case was initially assigned to me. However, it was reassigned to Judge Stephanie Gallagher on September 24, 2019, after she became a United States District Judge. She issued the Scheduling Order on November 5, 2019. ECF 69. On November 18, 2019, defendants moved to modify the Scheduling Order. ECF 75. Because Judge Gallagher had a conflict of interest, the case was reassigned to me. *See* Docket.

Thereafter, defendants sought to modify the Scheduling Order on the ground that plaintiff's discovery should be confined to the administrative record. ECF 75. The City opposed that request. ECF 81. I granted the motion in part and denied it in part in a Memorandum Opinion (ECF 88) and Order (ECF 89) of December 19, 2019. In particular, I determined that plaintiff's constitutional claims were to be decided squarely on the administrative record. But, I found that the City may be entitled to extra-record discovery with respect to its APA claims. Accordingly, I ruled that the City had until January 31, 2020, to seek leave of Court to pursue extra-record discovery as to its APA claims.

Thereafter, on January 3, 2020, the City filed a "Notice of Intent" informing the Court that it did not intend to seek extra-record discovery. ECF 91. However, the City indicated that it "intend[ed] to seek leave to supplement its Complaint under Rule 15(d) to challenge a related interim final rule issued by Defendants." *Id.* at 1.

On February 7, 2020, the City moved to supplement its Complaint, pursuant to Fed. R. Civ. P. 15(d). ECF 92. The motion is supported by a memorandum of law (ECF 92-1) (collectively, the "Motion"), and one exhibit. ECF 92-2 (Proposed Supplemental Complaint). In particular, the City seeks to challenge an interim final rule ("IFR") issued by the State Department on October 11, 2019, which purports to alter the State Department's interpretation of the public charge ground of inadmissibility. *See* ECF 92-1 at 2-3; *see also* 84 Fed. Reg. 54,996 (Oct. 11, 2019) (codified at 22. C.F.R. § 40.41).[2] As with the FAM, the City contends that the IFR violates the APA and equal protection. According to the City, supplementation is appropriate because its claims concerning the

---

[2] In contrast to the FAM, which directed consular officers to ask whether the visa applicant was likely to become "primarily dependent" on government assistance, the IFR defines a public charge as a person likely to receive 12 or more months of government benefits in a 36-month period. *See* ECF 93 at 3. And, according to defendants, the IFR "expands the types of benefits" that a consular officer should consider when making a public charge assessment. *Id.*

FAM and IFR "overlap substantially." ECF 92-1 at 5. The City also maintains that supplementation advances judicial economy, *id.* at 6, and will neither prejudice defendants nor unduly delay the litigation. *Id.* at 7.

Defendants urge the Court to deny the Motion. ECF 93. The Government notes that the State Department will begin implementation of the IFR on February 24, 2020. In its view, the IFR is "separate and distinct" from the FAM and "establishes a different policy." *Id.* at 1. The Government points to two differences between the FAM and IFR: the metric used to determine whether a person is likely to become a public charge and the types of benefits relevant to the analysis. *Id.* at 3. Further, defendants assert that the City's APA and constitutional challenges to the FAM and the IFR present distinct legal issues. *Id.* at 4-5.

The City has replied (ECF 96), and the Motion is fully briefed. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall grant the Motion.

The core purpose of the Federal Rules of Civil Procedure is "to make pleadings a means to achieve an orderly and fair administration of justice." *Griffin v. Cty. Sch. Bd.*, 377 U.S. 218, 227 (1964). Rule 15(d) of the Federal Rules of Civil Procedure promotes this goal by providing that, a court "may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Thus, Rule 15(d) aims to ensure "as complete an adjudication of the dispute between the parties as is possible." 6A CHARLES ALAN WRIGHT, FEDERAL PRACTICE & PROCEDURE § 1504 (3d ed.). In light of Rule 15(d)'s salutary purpose, supplementation of pleadings is favored and should be granted absent undue delay, bad faith, dilatory tactics, or unfair prejudice to the party to be served with the proposed pleading. *See id.*; *see also Franks v. Ross*, 313 F.3d 184, 198 n.15 (4th Cir. 2002) (instructing that

leave to supplement "should be freely granted" and warrants denial only where there is a ""good reason"" for doing so) (citation omitted).

Having reviewed and considered the parties' submissions, I am satisfied that it is appropriate to allow the City to supplement its Complaint. Indisputably, the FAM and IFR stem from the same "transaction, occurrence, or event," as the IFR was promulgated after the FAM and both concern the public charge ground of inadmissibility. Therefore, supplementation will advance the interests of judicial administration and the expedient resolution of this case, a concern that tips the scale heavily in favor of plaintiff, given the alleged harms suffered by the City and its residents from the State Department's changes to the public charge definition. Notably, defendants do not contend that supplementation will result in undue prejudice. Indeed, this contention would be untenable, given that the Government is already litigating elsewhere a case challenging both the FAM and the IFR. *See Make the Road N.Y. v. Pompeo*, 19-cv-11633, ECF 1 (S.D.N.Y.).

Accordingly, I shall grant plaintiff's Motion, seeking to amend its Complaint (ECF 92). The Government has asked that Court not to require a response to the supplemental complaint. ECF 93 at 7. The City does not oppose that request. ECF 96 at 4 n.1. Therefore, the Government need not respond to the supplemental complaint.

By **March 23, 2020**, the parties shall submit to the Court a proposed Scheduling Order, jointly if possible. However, the parties may submit separate proposals if they cannot agree on a timeline.

An Order follows, consistent with this Memorandum.


Date: February 27, 2020                                    _____/s/_____

                                                          Ellen L. Hollander
                                                          United States District Judge